[Civil No. 581.    Filed February 23, 1898.]

[52 Pac. 366.]

SIXTO MOLINO, Defendant and Appellant, v. JOHN BLAKE, Plaintiff and Appellee.

1. PLEADING—OPEN ACCOUNT—VERIFIED UNDER REV. STATS. ARIZ. 1887, PAR. 1880—ANSWER—SUFFICIENCY—JUDGMENT ON PLEADINGS.—In an action for balance of an unpaid account, defendant answered with a general denial, and set up a counterclaim alleging mutual accounts and a balance due him. To the counterclaim, and made a part thereof, was attached a verified account showing various items of indebtedness constituting the same. To this counterclaim plaintiff filed a verified reply, admitting that there were such accounts, but alleging that the same had been settled, and that a balance thereon was found due plaintiff, which was agreed to by defendant, and that thereafter defendant had made payments on such balance, reducing it to the amount claimed by plaintiff in his complaint, which was still due and unpaid. Under the pleadings, defendant's motion for judgment on the pleading, on the ground that there was no sufficient denial under oath, as required by paragraph 1880, *supra,* of the verified account pleaded in said counterclaim, was properly denied.

2. Pleading—Open Account—Account Stated—Complaint—Reply—
Repugnancy — Construction — Evidence.—Where plaintiff's com-
plaint is for a balance due upon an open account, and defendant
counterclaims upon mutual accounts, and plaintiff in reply thereto
sets up an account stated and a balance due thereon, the same as
pleaded in the original account, it is not error to permit plaintiff
to testify as to an account stated, the complaint and reply not
being repugnant, and therefore to be construed together.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Graham,
Owen T. Rouse, Judge. Affirmed.

The facts are stated in the opinion.

Wiley E. Jones, and E. J. Edwards, for Appellant.

Moorman & McFarland, and J. M. McCullom, for Appellee.

The complaint stated concisely that the defendant was in-
debted to the plaintiff in the sum of $537.11, which was the
balance due on account, and that the defendant admitted and
acquiesced in this balance "by paying $218.09 on the same,"
thereby reducing it to the sum of $319.02, for which he
prayed judgment and costs of suit. The facts stated consti-
tute a good cause of action on an account stated. *Union Bank*
v. *Knopp,* 3 Pick. 96, 15 Am. Dec. 182; *Warren* v. *Caryl,* 61
Vt. 331, 17 Atl. 741; *Powell* v. *Pacific Railroad Co.,* 65 Mo.
658; *Watkins* v. *Ford,* 69 Mich. 357, 37 N. W. 300; *Nostrand*
v. *Ditmis,* 127 N. Y. 355, 28 N. E. 27.

There was no demurrer interposed to the complaint; hence
every reasonable intendment is indulged in favor of the com-
plaint. If objection is not taken by demurrer, the defendant
shall be deemed to have waived the same. The only excep-
tion is the question of jurisdiction. Bliss on Code Pleading,
sec. 434; *Pearce* v. *Minton,* 1 Cal. 470; *See* v. *Figg,* 37 Cal.
328, 99 Am. Dec. 271.

Should there be any doubt as to the cause of action de-
clared upon, this question is settled by appellee's plea to
defendant's amended answer. This plea is specially author-
ized when defendant sets up a counterclaim. The statute pro-
vides "plaintiff may plead thereto under the rules prescribed
for pleadings of defensive matter by the defendant."

SLOAN, J.—The appellee, John Blake, commenced an action in the court below against the appellant, Sixto Molino, by filing the following complaint: "The plaintiff complains and alleges: (1) That both plaintiff and defendant are residents of Graham County, Arizona. (2) That the defendant is indebted to the plaintiff in the sum of three hundred nineteen and two one-hundredths dollars for the balance of an account for money and goods and merchandise furnished and delivered by said plaintiff to said defendant, at his instance and request, between the —— day of March, 1895, and the 15th day of June, 1895; that the whole and aggregate amount of defendant's indebtedness to plaintiff is the sum of five hundred thirty-seven and eleven one-hundredths dollars, and that defendant has paid thereon the sum of two hundred eighteen and nine one-hundredths dollars, the balance of said account first aforesaid, to wit, three hundred nineteen and two one-hundredths dollars, still being unpaid; that plaintiff has demanded payment thereof of said defendant, and that he has failed and refused, and still fails and refuses, to pay the same; and that the same is now due, and no part of it has been paid. Wherefore plaintiff demands judgment against said defendant for the sum of three hundred nineteen and two one-hundredths dollars, and for costs of this action." Appellant, in addition to the general denial in his answer, set up a counterclaim, in which he alleged that there existed between the plaintiff and the defendant an unsettled, mutual, and current account of reciprocal demands, running from the first day of April, 1891, up to and including the fifteenth day of October, 1895; and that there was due to defendant from plaintiff, after deducting the amount claimed by plaintiff upon said account, a balance of $2,095.56. To the counterclaim, and made a part thereof, was attached a verified account showing various items of indebtedness constituting the same. To this counterclaim appellee filed a reply, admitting that there were mutual and current accounts between plaintiff and defendant from the —— day of March, 1891, to the second day of March, 1895, and alleging that on the last-named day plaintiff and defendant settled and adjusted their respective accounts, including the account set up in the counterclaim, and that at said settlement there was found due plaintiff a balance amounting to $417.67, which sum was

agreed by defendant to be the balance due plaintiff upon that date; that subsequent to said settlement and agreed balance, defendant paid plaintiff, on account of said balance, different amounts at the time in said counterclaim stated, leaving still due from defendant to plaintiff the sum of $319.02, for which sum plaintiff prayed judgment as in his complaint. The reply was verified by the oath of appellee. Upon the issues thus joined the cause went to trial before the court. Before the introduction of any evidence appellant moved for judgment upon the pleadings, upon the ground that the verified account attached to the counterclaim was not denied under oath. This motion was denied by the court. Thereupon the plaintiff testified to the settlement and adjustment of the accounts of plaintiff and defendant on the second day of March, 1895. This evidence was objected to by appellant, for the reason that an account stated was not pleaded in the complaint. This objection was overruled. Plaintiff then further testified that, upon the adjustment of the accounts, it was mutually agreed, by and between himself and the defendant, that a balance of $417.67 was due plaintiff; that thereafter defendant made different payments, which left, at the time of the institution of the suit, a balance due of $319.02. Plaintiff then rested his case. Defendant then offered in evidence his verified account attached to his counterclaim. This was objected to by the plaintiff, and the objection was sustained. No other evidence having been proffered by the defendant, the court then gave judgment for the plaintiff in the amount sued for. From this judgment and from the order overruling a motion for a new trial appellant appeals.

Two assignments of error are alleged by appellant in his brief. The first is based upon the denial of appellant's motion for judgment upon the pleadings, the contention being that the account constituting appellant's counterclaim being verified as permitted by paragraph 1880 of the Revised Statutes of Arizona, there was no sufficient denial under oath by appellee, and therefore the court should have granted judgment for the amount thereof. Said paragraph 1880 reads as follows:—

"1880 (sec. 56). When any action or defense is founded upon an open account, supported by the affidavit of the party, his agent or attorney, taken before some officer authorized to

administer oaths, to the effect that such account is, within the knowledge of the affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as *prima facie* evidence thereof, unless the defendant shall, at least one day before the trial, file a written denial under oath, stating that such account is not just or true in whole or in part, and if in part only, stating the items and particulars which are unjust. Where he fails to file such affidavit he shall not be permitted to deny the account or any item therein, as the case may be."

The reply made by appellee to the cross-complaint in effect was a denial of the justness of the whole of the account set up by appellant, and, as it was verified by the affidavit of the plaintiff in the action, it was a full compliance on his part with the requirements of the statute, and required the appellant to prove the same by competent evidence. The court, therefore, very properly denied appellant's motion for judgment.

The other assignment made is based upon the action of the court in permitting appellee to testify to an account stated, upon the ground that no account stated was pleaded by him in his complaint. While the complaint cannot be construed as pleading an account stated, the reply to defendant's cross-complaint does affirmatively so plead. The complaint and the reply are not repugnant, and therefore should be construed together. The appellant chose to go to trial upon the pleadings as they stood, and as the only issue presented was the issue of fact as to whether or not there had been an adjustment and settlement of the accounts of the parties upon the second day of March, 1895, the testimony objected to was properly admitted. We see no error in the ruling of the court complained of. The judgment is therefore affirmed.

Street, C. J., Doan, J., and Davis, J., concur.