**222 P.2d 980**

CAMPBELL v. KING et al.

No. 5230.

Supreme Court of Arizona.

Oct. 16, 1950.

2

Gertrude M. Converse, of Phoenix, for appellant.

J. Hubert Smith, of Phoenix, for appellees.

STANFORD, Justice.

Appellant, plaintiff in the court below, brought an action against appellees, based on an open account, which account was duly supported by affidavit. Appellees thereupon filed an answer, in the form of a denial, and also a counter-claim, erroneously labeled a cross-complaint. The question here involves the sufficiency of the answer and verification thereon, under sections 21-430 and 23-313, A.C.A.1939.

The answer contained the following denial matter: "Defendants deny that they owe plaintiff $442.43 *as alleged in said complaint,* or any sum whatsoever." (Emphasis supplied.) The remainder of the matter in the answer, set out facts surrounding the transaction involving the account, and also laid the groundwork for the counter-claim.

Attached to the answer and counter-claim, was a verification, the body of which reads:

"Ray Thomas, being first duly sworn according to law, deposes and says: .

"That he is one of the defendants in the above-entitled action; that he has read the foregoing answer and cross-complaint and knows the contents thereof; that said answer and cross-complaint and allegations therein set forth are true in substance and in fact."

Before the trial, appellant made oral motion for judgment on the pleadings, which motion was denied. The case then proceeded to trial on the merits.

At the close of the trial, appellant again made oral motion for judgment on the pleadings and again the motion was denied, whereupon judgment was rendered in favor of appellees, without mention of the counter-claim.

From this judgment, appeal was taken to this court.

Appellant's assignments of error are briefly these:

(1) The court below erred in denying appellant's motion for a judgment on the pleadings before the trial.

(2) The court below erred in permitting appellees to deny the account or any item therein by putting on any evidence whatsoever, contrary to sec. 23-313, A.C.A.1939.

(3) The court below erred in denying the appellant's motion for judgment on the pleadings made at the close of the trial.

(4) The court erred in rendering judgment against the appellant and in favor of appellees.

■ Assignments of error numbered (1), (3) and (4) are so wholly inadequate under our rules that the matters attempted to be raised therein are deemed waived and will not be considered. See Tidwell v. Riggs, 70 Ariz. 417, 222 P.2d 795, and cases collated therein.

The pertinent contents of sections 21-430 and 23-313, A.C.A.1939, are:

"21-430. An answer setting up any of the following matters, unless the truth of the pleading appear of record, shall be verified by affidavit:

\*      \*      \*      \*      \*      \*

"(9) That an account which is the foundation of the plaintiff's action, and supported by an affidavit, is not just, and in such case the answer shall set forth the items and particulars which are unjust."

"23-313. When any action or defense is founded upon an open account supported by the affidavit of the party, \* \* \* the same shall be taken as prima facie evidence thereof, unless the party resisting · such claim shall, \* \* \* file a written denial under oath, stating that such account is not just or true in whole or in part, and if in part only, stating the items and particulars which are unjust. Where he fails to file such affidavit he shall not be permitted to deny the account or any item therein."

■ The arguments set forth in the briefs go to great length in discussing the verification and the form thereof, as applied to the answer of the appellees in the court below. Sec. 21-430, supra, requires only that there be a verification by affidavit, and sec. 23-313, supra, requires that the written denial be under oath. However, both sections of the code list specific requirements necessary in the contents of the answer itself. Upon close examination, we

**4**

find no defect in the affidavit or verification attached to the answer and the counter-claim. We therefore hold it to be sufficient. We shall then proceed to determine the validity of the pleading with regard to the contents of the answer. Does the answer, as filed by the appellees, constitute a sufficient denial under oath, as required by sec. 23-313, supra? This court has held, in the case of Molino v. Blake, 5 Ariz. 319, 52 P. 366, that such a general denial was sufficient under the statute. Accordingly, we hold that the denial in the present case was sufficient.

 The next question before us is the sufficiency of the answer with regard to sec. 21-430, supra, which requires that particulars be set out. In the case of Hood v. Robertson, Tex.Civ.App., 33 S.W.2d 882, 883, concerning a similar statute, the court said: "We do not think that a sworn answer necessarily should take up each item of the account and specifically deny same where the defendant denies that the entire account is just; that he does not owe the plaintiff anything; * * *." And from Continental Lumber & Tie Co. v. Miller, Tex.Civ.App., 161 S.W. 927, 928, we quote: "The evident purpose of the statute was to require only a definite denial of that part of the account which was not considered by the defendant to be just or true and where, as here, the account is denied in whole, every item thereof is put in issue." We think it unnecessary that any particulars be set out in addition to those contained in the answer filed by appellees in the court below, as the requirements of the code sections discussed herein were sufficiently met.

Judgment affirmed.

LA PRADE, C. J., and UDALL, PHELPS and DE CONCINI, JJ., concur.