**CHANNEL MARKETING, INC.,**
**Plaintiff,**

v.

**TELEPRO INDUSTRIES, INC.,**
**Defendant.**

**TELEPRO INDUSTRIES, INC.,**
**Plaintiff,**

v.

**CHANNEL MARKETING, INC.,**
**Defendant.**

**Nos. 67 Civ. 4328, 68 Civ. 425.**

United States District Court
S. D. New York.
July 29, 1968.

Hall, Casey, Dickler & Howley, New York City, for Channel Marketing, Inc.

Saxe, Bacon & Bolan, New York City, for Telepro Industries, Inc.

MANSFIELD, District Judge.

The motion of Channel Marketing, Inc. ("Channel") for consolidation of its action against Telepro Industries, Inc. ("Telepro") (Civil Action 4328/1967) with Telepro's action against it (Civil Action 68/425) is granted. Both actions arise out of the same transactions and occurrences, and both present common questions of fact. The background as disclosed in the papers and upon argument is as follows:

On November 3, 1967, Channel instituted its action in this Court by filing a complaint seeking treble damages and injunctive relief against Telepro, based upon violation of the federal antitrust laws principally revolving around the alleged sale by Telepro to Channel of cartridges at discriminatorily high prices in violation of § 2 of the Robinson-Patman Act. Immediately following institution of Channel's suit, Telepro instituted an action on November 9, 1967, in the New Jersey Superior Court, Camden County, seeking damages in the sum of $93,077.56 for cartridges allegedly sold and delivered on open account, which was removed to the United States District Court for the District of New Jersey and transferred in turn by the latter, upon Channel's application, to this Court, one of the objects of the transfer, as disclosed in the moving papers, being the

consolidation of the action with that pending here. The fact that consolidation of the actions was contemplated by the parties is further revealed by a statement in an affidavit filed by Telepro here in Channel's action, seeking transfer to New Jersey, in which the affiant (Lewis S. Sandler, Esq.) stated that both parties "seek to have these actions consolidated."

■ Regardless of Telepro's change of heart, consolidation would be in the interests of justice for the reason that Channel's action claims that because of Telepro's violation of the Robinson-Patman Act it paid or agreed to pay excessive and discriminatory prices to Telepro for the very cartridges that are the subject of Telepro's suit against it for goods sold and delivered, so that the claim of each party "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," which would require it to be stated as a compulsory counterclaim, Rule 13(a), F.R.Civ. P., and both claims present "a common question * * * of fact" meriting consolidation, Rule 42(a), F.R.C.P.

■ Consolidation of the actions having been granted, Telepro's cross-motion for summary judgment in the sum of $93,077.56 for goods sold and delivered must be denied. Although the moving papers reveal the sale of cartridges by Telepro to Channel, many of which transactions may eventually be undisputed, the affidavit of Channel's President (Obsgarten), dated July 15, 1968, asserts that its records, as well as other statements furnished by Telepro's Treasurer (Deufel), reveal that the total amount outstanding is $70,146 rather than $92,-156, and that the $70,146 figure includes excess charges and overpricings amounting to approximately $15,000, thus raising a sharp issue of fact. Furthermore Channel has not completed its pretrial discovery and asserts that it is therefore not yet in a position to determine finally the amount due Telepro and the amount due it on its claim against Telepro. Un-

der the circumstances Channel should be given additional time to complete its pretrial investigations. Rule 56(f), F.R. C.P.; Waldron v. British Petroleum, 231 F.Supp. 72 (S.D.N.Y.1964).

■ Telepro's reliance upon the Supreme Court's decisions in Bruce's Juices v. American Can Co., 330 U.S. 743, 67 S. Ct. 1015, 91 L.Ed. 1219 (1946), and Kelly v. Kosuqa, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1958), is ill-founded. Those decisions dealt with a relatively narrow question not raised here, namely, whether a treble damage claim could properly be asserted as a *defense* to a suit by the seller for the purchase price of goods sold. The Supreme Court barred such a defense on the ground that it was not authorized by the Sherman Act, which contemplated that the victim of an antitrust violation would seek *treble* damages as an aid to enforcement rather than be relegated to use it as a mere defense to the extent of only one-third of what he could recover by way of claim or counterclaim. Furthermore, the alleged antitrust violations in those cases appeared to be so remotely related to the specific transactions involved as to make it unfair to permit the buyer to avoid his contract obligations.

Here Channel is not seeking to avoid its contract obligations, nor does it assert its Robinson-Patman Act claim by way of a defense. It does not appear here as a defendant belatedly interposing a treble damage claim as means of avoiding its obligations. It is a plaintiff who initiated its own suit in the first instance. It was only after its initiation of that suit that Telepro brought its action which would normally have been asserted as a compulsory counterclaim in that originated by Channel. In short, the shoe appears to be on the other foot.

In its opposition to Telepro's motion for summary judgment, Channel reveals facts indicating grave doubts as to Telepro's solvency and ability to pay any judgment that might be awarded against it on Channel's claim. Quite aside from

the question of whether the aforementioned Supreme Court decisions have any application, fairness would seem to dictate that even if summary judgment were awarded to Telepro at a later date, the Court would be called upon to determine whether enforcement of such a judgment should not be stayed pending disposition of Channel's initially instituted suit against it, a procedure that was adopted by the Court in Morand Bros. v. National Distillers, 25 F.R.D. 27 (D.C. Ill.1959). Thus, in any event, denial of summary judgment does not appear to work any serious prejudice to Channel.

So ordered.