504 P.2d 531

**EMPIRE MACHINERY CORPORATION, an Arizona corporation, Appellant,**

v.

**INDUSTRIAL CAB COMPANY, a foreign corporation, Appellee.**

**No. 2 CA–CIV 1240.**

Court of Appeals of Arizona, Division 2.

Dec. 27, 1972.

Rehearing Denied Jan. 23, 1973.

Review Denied Feb. 27, 1973.

Chandler, Tullar, Udall & Richmond, by Jack Redhair, Tucson, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by John H. Westover and George H. Mitchell, Phoenix, for appellee.

HOWARD, Judge.

In this appeal the appellant seeks to extend the doctrine of the "crashworthy automobile" to the manufacturer of a tractor canopy.

Robert L. Mather was crushed to death when the caterpillar tractor in which he was riding rolled over on top of him. His widow filed a complaint in the Pima County Superior Court against the Caterpillar Tractor Corporation and appellant Empire Machinery Corporation. Count I of the complaint alleged that the Caterpillar Tractor Corporation manufactured the bulldozer in question and that Empire Machinery Corporation sold it to Anaconda Company, the employer of Robert Mather. Count I further alleged that each of the

defendants was negligent in failing to provide a reasonably safe vehicle for the deceased and failing to warn him of a dangerous condition in the design of the bulldozer. Count II of the complaint alleged that the defendants failed to use reasonable care in the design of the vehicle thereby creating an unreasonable risk of harm, and further alleged liability based on the doctrine of strict liability.

Subsequent to the issues being joined by the pleadings, interrogatories addressed to the defendants and their answers thereto developed that the cab used on the bulldozer and alleged in the complaint to have crushed the deceased was manufactured by the appellee Industrial Cab Company. Discovery also developed that the plaintiff's allegations of improper design were directed toward the cab attacked to the bulldozer, the theory being that the canopy was improperly designed in that it did not provide protection for the driver of the bulldozer in the event of a rollover, and prevented the deceased from escaping.

When the plaintiff's theory became apparent appellant Empire Machinery impleaded appellee Industrial Cab seeking indemnity.

Appellee moved for summary judgment in the trial court, basing its motion upon the pleadings and the answers to interrogatories on file. The motion for summary judgment was based on two grounds: (1) That one seeking indemnity cannot be entitled to the same if he participated in the wrong bringing about the injury, and (2) since Empire Machinery Corporation admitted in its answers to interrogatories that the purpose of the cab in question was to "provide shade and keep operators dry and/or warm", Industrial Cab could not be liable as a matter of law because the rollover constituted an "unintended use".[1]

The trial court granted Industrial Cab's motion for summary judgment on the sec-

1. There is no evidence in the record as to the nature of the construction of the cab. The record only discloses that it is a "cab".

ond ground and, pursuant to Rule 54(b), as amended, Ariz.R.Civ.P., 16 A.R.S., it found that there was no just reason for delay in the entry of judgment.

This case presents a good example of why a court should be wary of a "quickie" summary judgment, especially in tort cases. The granting of summary judgment with an express Rule 54(b) determination has unduly complicated this case. The plaintiffs are still proceeding on their complaint in the trial court against appellant and Caterpillar Tractor Corporation. Discovery is still going on and it is not inconceivable that facts and theories will be developed which may impose liability under the Restatement (Second) of Torts §§ 395, 398 and 402(A). These sections are as follows:

"§ 395. Negligent Manufacture of Chattel Dangerous Unless Carefully Made

A manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, unless carefully made, he should recognize as involving an unreasonable risk of causing physical harm to those who use it for a purpose for which the manufacturer should expect it to be used and to those whom he should expect to be endangered by its probable use, is subject to liability for physical harm caused to them by its lawful use in a manner and for a purpose for which it is supplied."

"§ 398. Chattel Made Under Dangerous Plan or Design

A manufacturer of a chattel made under a plan or design which makes it dangerous for the uses for which it is manufactured is subject to liability to others whom he should expect to use the chattel or to be endangered by its probable use for physical harm caused by his failure to exercise reasonable care in the adoption of a safe plan or design."

"§ 402 A. Special Liability of Seller of Product for Physical Harm to User or Consumer

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

Appellant, the retailer, could thus be held liable under the doctrine of strict liability. Caruth v. Mariani, 11 Ariz.App. 188, 463 P.2d 83 (1970). As the case stands now, appellant would be barred from seeking indemnification from the manufacturer by virtue of the judgment in this case. In Pinal County v. Adams, 13 Ariz.App. 571, 479 P.2d 718 (1971), we set forth the following example as a situation where indemnification is allowed:

"F. the indemnitee, a retailer or user of a chattel which is dangerously defective for its intended use because of the fault of the supplier and/or manufacturer-indemnitor, becomes liable to another;
. . . "

For the foregoing reasons the summary judgment was premature and is reversed.

KRUCKER, C. J., and HATHAWAY, J., concur.