673 P.2d 28

The PHIL W. MORRIS COMPANY, an Arizona corporation, Plaintiff Counter Defendant-Appellee,

v.

Jack J. SCHWARTZ and Shelia Schwartz, his wife, Defendants Counter Claimants-Appellants.

No. 1 CA–CIV 5960.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 22, 1983.

Review Denied Nov. 15, 1983.

Meyers, Greger & Pohlman by Donald D. Meyers and Clarke H. Greger, Phoenix, for plaintiff Counter Defendant-appellee.

Ridge & Isaacson, P.C. by Warren C. Ridge and Donald G. Isaacson, Phoenix, for defendants Counter Claimants-appellants.

OPINION

KLEINSCHMIDT, Judge.

This is an appeal from an order of the trial court granting summary judgment in favor of the plaintiff, The Phil W. Morris Company, and against appellants, Jack J. and Shelia Schwartz. We affirm the judgment of the trial court.

The Phil W. Morris Company, a general contractor, entered into an agreement to remodel the Schwartz residence. As of May 2, 1980, the contractor had billed the homeowners a total of $228,667 and as of May 5, 1980, the homeowners had paid the contractor the sum of $193,840.80. About this time a dispute arose and the Schwartzes refused to make any further payments.

The contractor filed a verified complaint alleging a cause of action in contract and in quantum meruit for labor and materials furnished. The Schwartzes filed an unverified answer and counterclaim in which they admitted that the contractor had furnished labor and materials but alleged they had paid the contractor in excess of the value of the same. They also filed a counterclaim which sought reimbursement for the excess charges paid.

Thereafter, the contractor filed a motion for partial summary judgment on the contract claim. The motion was supported by the affidavit of Richard J. Morris, a vice president of the construction company who was responsible for the job on the Schwartz home. According to the affidavit, the company's books and records relating to the job were kept in the usual course of business under his supervision and control. Based upon those records and his own knowledge, Morris swore that the company had provided labor and materials to the Schwartzes at their request. A summary of the record was attached to the affidavit, which Morris swore accurately reflected the work done and the amounts billed. Also attached to the affidavit were 517 other items consisting of invoices and records which provided the factual support for the summary of charges. The affidavit concluded that after

all credits were allowed there remained due and owing to the contractor the sum of $55,305.45.

The Schwartzes filed a response to the company's motion for partial summary judgment and a document entitled "Defendant's Denial of Account Pursuant to 8 R.C.P. 8(c)," which read:

Jack J. Schwartz, being first duly sworn, deposes and says:

That he is a defendant in the above entitled action and that he hereby, under oath, denies that the account set forth in the amended complaint herein is just or true in whole or in part.

After filing their response the Schwartzes filed a request for production of documents seeking access to what they described as a wide range of documents relating to the construction work. The date specified in the request for production as the time by which the items were to be provided was after the time set for the hearing on the motion for summary judgment.

Following a hearing the trial court granted the company's motion for summary judgment. Approximately three months later the Schwartzes filed a Motion for Reconsideration and Rehearing of Plaintiff's Motion for Partial Summary Judgment. To this they attached the affidavits of Jack J. Schwartz and two other men who were familiar with the construction business. The affidavits raised numerous questions of fact as to the propriety of the contractor's bill. The court reconsidered the matter on the record as it existed at the time the motion for summary judgment was granted and reaffirmed that decision.

## THE CONTRACT

The Schwartzes urge that summary judgment should not have been granted because there was insufficient evidence of the existence of the contract and the company's right to recover thereunder to give rise to a prima facie case. They first argue that it is improper to grant summary judgment when facts key to a recovery have not been determined and that the burden is on the one seeking recovery under a contract to establish all of its material conditions. We have no question but that the law is as appellants set it forth. What is more difficult to determine is whether there was anything lacking in plaintiff's allegations and proof to render them insufficient to raise a prima facie case. The appellants point to three overlapping areas in which they say the plaintiff's case was deficient:

1. The Morris affidavit did not sufficiently allege that a contract was in existence;

2. The Morris affidavit made no allegation that all work done and billed was done and billed pursuant to an agreement, and

3. The plaintiff never produced any proof that the "work was done in accordance with an agreement, or that the level of payment was the level of payment specified in the agreement, etc., etc., etc. ...." They argue that the memorandum of points and authorities attached to plaintiff's motion for summary judgment did not set forth any basis for a legal recovery under the contract.

■ The Morris affidavit was sufficient to raise a prima facie case as to the existence and terms of the contract. In the verified amended complaint the company alleged that it had "agreed to furnish labor, materials and other services to defendants for the remodeling and certain other construction of defendants' residence" and that "defendants agreed to pay plaintiff for the labor, materials and services provided." The company alleged that it had fully performed, that the Schwartzes refused to pay, and that a specific sum was due and owing. We think the appellee pleaded and presented the essential facts. In their counterclaim the Schwartzes conceded that the plaintiff had furnished labor and materials to the defendants and that they had paid it a specified sum. They alleged affirmative defenses of failure of consideration, payment and the statute of frauds except as to goods received and accepted and asserted that they had paid in excess of what the labor and materials were worth.

The Schwartzes contend that the answer and counterclaim and their affidavit filed pursuant to Rule 8(c), Ariz.R.Civ.P., raised unresolved issues of fact so as to preclude a grant of summary judgment. The Schwartzes are wrong, because the answer and counterclaim was unverified and the affidavit was conclusory. Rule 56(e), Ariz.R.Civ.P., specifically requires that opposing affidavits must be made on personal knowledge and set forth facts that would be admissible in evidence and show affirmatively that the affiant is competent to testify as to the matters stated therein. It further requires that the party contesting a motion for summary judgment may not rest on mere allegations or denials of his pleadings but his response by affidavits or otherwise must set forth *specific facts* showing that there is a genuine issue for trial. This the appellants completely failed to do.

None of the law appellants cite changes our conclusion because the contextual differences between their cases and this one vary widely. Several of those cases are inapposite because they deal with the propriety of granting a motion for judgment on the pleadings, a completely different procedure from a motion for summary judgment and one which takes the challenge to a pleading as true.[1] The case of *Chemical Foundation v. Universal-Cyclops Steel Corp.*, 2 F.R.D. 283 (W.D.Pa.1942) will not support the appellants' position because it was decided before Rule 56 was amended to require that a party resisting a motion for summary judgment cannot merely rely on the denials and allegations of his pleadings. Since the Schwartzes did not meet their burden of controverting the prima facie case raised by the company's affidavits, the trial court may accept the company's affidavits as true. *Sato v. Van Denburgh*, 123 Ariz. 225, 599 P.2d 181 (1979).

The Schwartzes next argue that it was error to grant summary judgment at an early stage in the proceedings and before discovery had been completed. They filed a request for production of documents on September 24, 1980. This request came approximately two weeks after the trial court had set the hearing on the company's motion for summary judgment for October 14, 1980. The Schwartzes requested that production of the documents be made on October 23, 1980, more than a week after the time set for the hearing on the company's motion. The Schwartzes never sought any postponement of the argument on the company's motion for summary judgment to enable them to conduct discovery and they never sought to accelerate the date for the compliance with their request for production of documents. The cases which the Schwartzes cite in support of their argument deal with situations where the parties resisting the motions for summary judgment did so on the basis that they needed time to conduct discovery prior to resolution of the motions. *Cohen v. Sahuaro Petroleum & Asphalt Co.*, 17 Ariz.App. 215, 496 P.2d 641 (1972); *Gangadean v. Leumi Financial Corp.*, 13 Ariz.App. 534, 478 P.2d 532 (1970); *Channel Marketing, Inc. v. Telepro Industries, Inc.*, 45 F.R.D. 370 (S.D.N.Y. 1968), or where there was a particular need to ascertain the credibility of witnesses where the factual issue involved an intent to discriminate, *Alvado v. General Motors Corp.*, 229 F.2d 408 (2nd Cir.1955). In *Empire Machinery Corp. v. Industrial Cab Co.*, 18 Ariz.App. 590, 504 P.2d 531 (1972), the court ruled that it was improper to grant a final summary judgment in favor of a third party defendant while discovery was proceeding which may have been relevant to the third party defendant's liability. While it is impossible to tell for certain from the report of the case, it can be inferred that the party against which summary judgment was granted had objected to the ruling in

---

1. Among such cases appellants cite are *Garrett v. Shannon*, 13 Ariz.App. 332, 476 P.2d 538 (1970) and *California Lettuce Growers, Inc. v. Union Sugar Co.*, 45 Cal.2d 474, 289 P.2d 785 (1955). In *Campbell v. King*, 71 Ariz. 1, 222 P.2d 980 (1950), also cited by the appellants, the court declined to consider whether judgment on the pleadings should have been granted because the issue was not adequately raised on appeal. Nonetheless, the case did not involve the adequacy of defenses raised to controvert a motion for summary judgment.

**94**

the trial court on the basis that discovery was not complete. That did not occur here.

■ If the Schwartzes were not in a position to meet the motion for summary judgment at the time it was set for hearing they should have requested the court to continue the hearing or filed an affidavit in compliance with Rule 56(f), Ariz.R.Civ.P., stating why they were then unable to counter the plaintiff's evidence. Since they did not do this the court was correct in granting summary judgment.

The appellants next contend that in denying their motion for reconsideration the court erred in not taking into account the additional affidavits that they filed in support of that motion. If those affidavits had been timely filed they would have been sufficient to forestall summary judgment. The trial judge said, "It is my belief that on a motion for reconsideration I must take the record as I found it at the time of the original ruling." It is the appellants' position that the judge had the discretion to decide whether or not to entertain the affidavits and that she failed to exercise that discretion. They rely most heavily on 7–G Ranching Co. v. Stites, 4 Ariz.App. 228, 419 P.2d 358 (1966). In that case the trial court granted a motion for summary judgment and then granted a motion for rehearing and in the course of the rehearing considered an affidavit which had not been presented to the court at the time of the original hearing. Division 2 of this court observed that it is within the discretion of the court to allow the filing of affidavits after a hearing. Since it ultimately based its decision reversing the order granting summary judgment upon the existence of a disputed material fact which was raised by the late filed affidavit the appellant is correct in saying that the court approved the procedure for rehearing and the consideration of additional affidavits therein. There are two reasons why we believe that the 7–G Ranching Co. case is not compelling. The first is that from all that can be gleaned from the report of the case the party who had prevailed on the motion for summary judgment did not object to the court's consideration of the late filed affidavits. Second, there was no consideration of the effects of Rule 56(f) and the policy it embodies. See generally Thomas v. Poff, 268 Ark. 939, 597 S.W.2d 838 (App.1980).

■ We believe that the policy enunciated by Engelhard Industries, Inc. v. Research Instrument Corp., 324 F.2d 347 (9th Cir.1963), cert. denied, 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964) and Citizens Valley Bank v. Mueller, 63 Or.App. 152, 662 P.2d 792 (1983) is the better policy. In Engelhard Industries the court did not consider affidavits that were submitted after a decision on a motion for summary judgment. The court held that it was proper to reject them because the parties submitting the affidavits had not shown that they contained newly discovered material or that they could not with reasonable diligence have been discovered and produced at the time of the hearing. In Citizens Valley Bank the court's determination was also premised on the appellant's failure to indicate why the affidavits were not submitted prior to the court's determination of summary judgment. The court stated that reopening a summary judgment is analogous to reopening a case after trial and therefore the trial court would be reversed only if it abused its discretion. We realize that since the Oregon court talked in terms of discretion the case suggests that under some circumstances it might be proper to consider the new affidavits. The appellant does not suggest that there are grounds here which would justify granting a new trial under Rule 59(a), Ariz.R.Civ.P. While it is impossible to tell in this case whether the trial judge felt she had no choice but to exclude the new evidence or whether she exercised her discretion and chose not to consider it, we do not think the matter should be remanded. Where the appellant has proffered nothing of the type that would justify granting a new trial it would have been an abuse of discretion to consider the new evidence.

For the foregoing reasons the judgment of the trial court granting the appellee's motion for summary judgment is affirmed.

JACOBSON and McFATE, JJ., concur.

NOTE: The Honorable YALE McFATE was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.