204 P.3d 1082

**Jerry Dean TILLEY and Sharon Tilley, husband and wife, Plaintiffs/Appellants,**

**v.**

**Benjamin Albert DELCI; Americor Contractors, Inc., an Arizona corporation, Defendants/Appellees.**

**No. 1 CA–CV 07–0777.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 29, 2009.

234

Collins & Collins LLP By C. Robert Collins, Meyer L. Ziman, Attorney at Law By Meyer L. Ziman, Phoenix, Co–Counsel for Plaintiffs/Appellants.

Lewis Brisbois Bisgaard & Smith LLP By Kevin C. Nicholas, Michael G. Gluski, Phoenix, Meagher & Greer PLLP By Rob A. Justman, Scottsdale, Co–Counsel for Defendants/Appellees.

## OPINION

DOWNIE, Judge.

¶ 1 Jerry Tilley ("Tilley") [1] appeals from the superior court's entry of summary judg-

---

1. Sharon Tilley was originally named as a plain- tiff, but her claims were later dismissed with

ment in favor of Benjamin Albert Delci and Delci's employer, Americor Contractors (collectively referred to as "Delci"). We affirm the superior court's judgment. In doing so, we hold that summary judgment is not a sanction and that the superior court was not required to either: (1) hold a hearing to determine whether Tilley or his lawyer was at fault for the clearly deficient response to Delci's motion for summary judgment; or (2) consider less drastic alternatives to granting judgment as a matter of law.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Tilley was involved in an automobile accident with Delci in November of 2003. He filed a negligence action on October 28, 2005. In February 2006, Delci filed an answer and submitted written discovery requests, including requests for admissions. Tilley did not respond to the discovery requests despite receiving a number of extensions of time. Tilley filed a Motion to Set and Certificate of Readiness on July 24, 2006. Delci filed a controverting certificate, stating that discovery could not be completed within 60 days and pointing out that Tilley had not responded to written discovery propounded over five months earlier. He further advised that Tilley had not yet submitted a disclosure statement.[2]

¶ 3 On October 13, 2006, the superior court held a Rule 16 scheduling conference and ordered Tilley to respond to Delci's outstanding discovery requests within 30 days. By mid-December, however, Tilley had not submitted discovery responses or a disclosure statement. On December 15, 2006, Delci filed a motion to dismiss for failure to prosecute, as well as a motion for summary judgment. The court set oral argument on both motions for February 23, 2007. The day before the scheduled argument, Tilley hand-delivered to Delci a disclosure statement and discovery responses. The next day, on the

date of the hearing, Tilley filed a cursory "response" to the pending motions, stating that he had now submitted a disclosure statement and discovery responses. He did not attach either his disclosure statement or his discovery responses to this filing.

¶ 4 The superior court heard oral argument. Delci's counsel argued that nothing in Tilley's belated "response" created a genuine issue of material fact under Rule 56 of the Arizona Rules of Civil Procedure. The trial judge, while acknowledging that he had not had the opportunity to fully digest Tilley's tardy filing, also commented on the inadequacy of the response. The judge further stated that, "There's been a wholesale—as far as I can tell, a wholesale disregard of the rules of procedure by the plaintiff in this case." The court denied Delci's motion to dismiss for failure to prosecute, but ordered Tilley to pay Delci's reasonable attorneys' fees as a sanction for the delays.[3] The court further ordered Tilley to submit a "proper response" to Delci's motion for summary judgment within ten days.

¶ 5 On March 8, 2007, Tilley filed three documents: (1) a "Motion to Amend/Allow Responses to Defendants' Requests for Admission;" (2) a response to Delci's statement of facts and a separate statement of facts; and (3) "Plaintiff's Response to Defendants' Motion for Summary Judgment and Alterative [sic] Request for Leave to Re–File Pursuant to A.R.S. § 12–504." Delci replied to Tilley's filings, noting that they were still non-compliant with Rule 56(e). On May 2, 2007, the superior court granted Tilley's Motion to Amend/Allow Responses to Requests for Admission. The court again ordered Tilley to file an appropriate response to Delci's long-pending summary judgment motion, stating:

IT IS FURTHER ORDERED that Plaintiff shall file and serve a response to Defendant's Motion for Summary Judg-

---

prejudice by stipulation of the parties. On November 20, 2008, Tilley's counsel filed a "Notice of Death of Appellant," indicating that Jerry Dean Tilley had died. Pursuant to Rule 27(a), Arizona Rules of Civil Appellate Procedure ("ARCAP"), we deem it appropriate to proceed with the appeal.

**2.** Delci had provided his disclosure statement to Tilley several months earlier.

**3.** The court subsequently ordered "Jerry Dean Tilley or his attorney Meyer L. Ziman" to pay Delci $3913.00 in attorneys' fees.

ment supported as required by Ariz. R. Civ. P. 56(c) within thirty (30) days of the date of entry of this order.

¶ 6 Tilley did not comply. The superior court held oral argument on June 29, 2007. It granted Delci's motion for summary judgment because Tilley had failed to submit anything that would create a genuine issue of material fact. Tilley filed a motion for reconsideration. For the first time, he provided a copy of his discovery responses to the court. After ordering a response from Delci, the superior court denied the motion for reconsideration. It entered judgment for Delci and dismissed Tilley's claims with prejudice on August 27, 2007. Tilley timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (2003).

## DISCUSSION

*Tilley Failed to Create a Genuine Issue of Material Fact.*

■ ¶ 7 A court may grant summary judgment when "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(c)(1). We review a trial court's grant of summary judgment *de novo*, "viewing the facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Hourani v. Benson Hosp.*, 211 Ariz. 427, 432, ¶ 13, 122 P.3d 6, 11 (App.2005).

■ ¶ 8 To prevail on a negligence claim, a plaintiff must show "the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately caused by that breach." *Flowers v. K-Mart Corp.*, 126 Ariz. 495, 497, 616 P.2d 955, 957 (App.1980). *See also Ontiveros v. Borak*, 136 Ariz. 500, 504, 667 P.2d 200, 204 (1983) (plaintiff may maintain negligence action if he proves duty, breach of duty, proximate causation, and actual damage). Delci moved for summary judgment at a time when Tilley had failed to respond to his requests for admissions for almost ten months, despite numerous extensions of time, demands by defense counsel, and a court-ordered deadline. The requests for admissions asked Til-

ley to, *inter alia*, admit that he had not been injured or damaged as a result of the automobile accident with Delci. Pursuant to Rule 36(a), a request for admission is deemed admitted "unless, within (40) days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter." Ariz. R. Civ. P. 36(a).

■ ¶ 9 In his first belated response to Delci's motion for summary judgment, Tilley offered no evidence. He merely argued that the motion should be denied because he had now responded to Delci's discovery requests. In his second attempt to respond to the motion, the only evidence Tilley proffered was an affidavit of Meyer L. Ziman, his attorney. However, an affidavit submitted in opposition to a summary judgment motion "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Ariz. R. Civ. P. 56(e); *see also GM Dev. Corp. v. Community Am. Mortgage Corp.*, 165 Ariz. 1, 7, 795 P.2d 827, 833 (App.1990). Ziman's affidavit did not reflect that he had personal knowledge of relevant facts. The "affidavit of an attorney is insufficient under Rule 56(e), except where the facts set out are based upon his personal knowledge." *Compton v. Nat'l Metals Co.*, 10 Ariz.App. 366, 369, 459 P.2d 93, 96 (1969). Moreover, Ziman's affidavit did not set forth facts pertaining to the accident; rather, it described counsel's involvement with the insurance company and personal issues relating to the failure to timely respond to Delci's discovery requests.

■ ¶ 10 In deciding a motion for summary judgment, the trial court considers "those portions of the verified pleadings, deposition, answers to interrogatories and admissions on file *which are brought to the court's attention by the parties.*" *Choisser v. State ex rel. Herman*, 12 Ariz.App. 259, 261, 469 P.2d 493, 495 (1970) (emphasis added). *See also* Ariz. R. Civ. P. 56(c)(1) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). Tilley did not attach his discovery responses to his various filings opposing the motion for summary judgment, and he submitted no competent evidence to create a genuine issue of material fact. It was insufficient to merely state that Tilley had now responded to Delci's discovery requests. The superior court communicated this fact to Tilley and gave him repeated opportunities to cure the deficiencies in his filings. The trial judge had no ability to discern what Tilley's discovery responses disclosed or whether they raised factual issues sufficient to defeat summary judgment. This is not a case where the trial judge could have independently searched the record and discovered evidence that placed factual matters in dispute, to the extent that such a search was required.[4]

¶ 11 Rule 56(e) provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Ariz. R. Civ. P. 56(e). This means that "an adverse party who fails to respond does so at his peril because uncontroverted evidence favorable to the movant, and from which only one infer-

ence can be drawn, will be presumed to be true." *Choisser*, 12 Ariz.App. at 261, 469 P.2d at 495. Because Tilley failed to create any genuine issue of material fact in the record, the superior court properly granted summary judgment against him.

*Summary Judgment Is Not a Sanction.*

¶ 12 Tilley argues that entering summary judgment against him was an inappropriate "discovery sanction." He contends that the trial court should have: (1) conducted an evidentiary hearing to determine whether he or his counsel was at fault; and (2) considered less drastic "sanctions." Tilley seeks refuge in decisions by this court addressing sanctions for discovery and disclosure violations that have the effect of gutting a party's claims or defenses. *See, e.g., Zimmerman v. Shakman*, 204 Ariz. 231, 237, ¶ 21, 62 P.3d 976, 982 (App.2003) (holding trial court should not have granted motion in limine as a sanction for failure to make Rule 26.1 disclosures; sanction precluded all of plaintiff's trial evidence); *Perguson v. Tamis*, 188 Ariz. 425, 429, 937 P.2d 347, 351 (App.1996) (exclusion of expert witness rendered plaintiff unable to establish causation—a necessary element of a *prima facie* case). *But see Rivers v. Solley*, 217 Ariz. 528, 177 P.3d 270 (App. 2008) (upholding trial court's dismissal of personal injury case, after an evidentiary

4. There are differing views expressed in the case law as to whether an appellate court or a trial court must perform an independent search of the record for facts not presented by a party opposing summary judgment. *Compare Mast v. Standard Oil Co. of Cal.*, 140 Ariz. 1, 2, 680 P.2d 137, 138 (1984) ("[N]either we, the trial court, nor the court of appeals should be required to perform counsel's work by searching the record to attempt to discover facts which establish or defeat the [summary judgment] motion. *These are tasks which must be left to counsel.*") (emphasis added); *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 343, 678 P.2d 525, 528 (App.1984) ("We are not required to assume the duties of an advocate and search voluminous records and exhibits to substantiate an appellant's claims."); *Gilbert v. Bd. of Med. Exam'rs*, 155 Ariz. 169, 176, 745 P.2d 617, 624 (App.1987) ("In ruling upon motions for summary judgment, the trial court is required to consider only those portions of the record which are brought to its attention by the parties."), *superseded on other grounds by statute as stated in Goodman v. Samaritan Health Sys.*, 195 Ariz. 502, 508 n. 7, ¶ 25, 990 P.2d 1061,

1067 n. 7 (App.1999); *and White v. Lewis*, 167 Ariz. 76, 80, 804 P.2d 805, 809 (App.1990) ("In light of the volume and complexity of modern litigation, we consider the cases requiring a trial court or an appellate court to search the entire record in connection with a motion for summary judgment to be contrary to modern authority. It is the attorney's responsibility to search the record . . . ."); *with Chanay v. Chittenden*, 115 Ariz. 32, 37, 563 P.2d 287, 292 (1977) (holding "[t]he entire record must be examined" by the trial court before granting summary judgment); *and Schwab v. Ames Constr.*, 207 Ariz. 56, 59, ¶ 15, 83 P.3d 56, 59 (App.2004) ("The trial court must consider the entire record before deciding a summary judgment motion."). From our perspective, whether such a search is required, either by the trial court or on appeal, depends on "the volume and complexity" of the specific litigation in which the motion for summary judgment is filed. *White*, 167 Ariz. at 80, 804 P.2d at 809. Here, the facts at issue were not actually in the record at the relevant time and would not have been discovered by the trial court had it performed an independent search.

238

hearing, based on plaintiff's failure to disclose a prior accident that defendant discovered shortly before trial).

¶ 13 Tilley confuses his discovery and disclosure obligations with the requirements of Rule 56. Summary judgment is not a sanction. It is a "final judgment on the merits." *Lujan v. MacMurtrie,* 94 Ariz. 273, 278, 383 P.2d 187, 190 (1963). The only sanction imposed against Tilley was the award of attorneys' fees based on his failure to observe rule-based and court-imposed deadlines. This monetary sanction had no effect on Tilley's ability to prosecute his case or to present evidence in opposition to Delci's motion for summary judgment. Because summary judgment is not a sanction, the trial court is not required to conduct a hearing to determine fault as between the client and the attorney when the adequacy of a response to the motion is at issue. Nor is the court required to consider less drastic alternatives to granting judgment as a matter of law. *Cf. Wayne Cook Enter., Inc. v. Fain Props. Ltd. P'ship,* 196 Ariz. 146, 149, ¶ 12, 993 P.2d 1110, 1113 (holding that lesser sanctions should have been considered and rejected before dismissal was used as a sanction).

¶ 14 We recognize that an inadequate response to a motion for summary judgment may often be the fault of the lawyer and not the client. However, "[u]nder general rules of agency, which apply to the attorney-client relationship, '[t]he neglect of the attorney is equivalent to the neglect of the client himself when the attorney is acting within the scope of his authority.'" *Panzino v. City of Phoenix,* 196 Ariz. 442, 447, 999 P.2d 198, 203 (2000) (quoting *Balmer v. Gagnon,* 19 Ariz.App. 55, 57, 504 P.2d 1278, 1280 (1973)). *See also United Imports and Exports, Inc. v. Superior Court,* 134 Ariz. 43, 46, 653 P.2d 691, 694 (1982) (neglect of attorney is attributed to the client; unless attorney's neglect is legally excusable, the client will not be excused); *Liberty Mut. Ins. Co. v. Rapton,* 140 Ariz. 60, 63–64, 680 P.2d 196, 199–200 (App.1984) (client could not set aside default judgment based on attorney's advice to disregard served pleadings); *Daou v. Harris,* 139 Ariz. 353, 358, 678 P.2d 934, 939

(1984) (erroneous legal advice about need to file an answer could not serve as basis for setting aside default judgment). We see no reason to depart from this well-established principle here. Indeed, requiring trial judges to embark on a fault-based inquiry if a lawyer submits a non-compliant pleading, motion, response, or other filing would prove entirely unworkable. It would negate bedrock agency principles, call into question the finality of judgments, and interject an ineffective assistance of counsel-type analysis into cases that would subject the civil justice system to inordinate delay and uncertainty.

¶ 15 Tilley had every opportunity to move his case forward on the merits, and he was repeatedly directed to present competent evidence that the court could consider in ruling on Delci's motion for summary judgment. He failed to do so, and the trial court properly granted summary judgment against him.

*The Trial Court Did Not Abuse its Discretion in Denying Tilley's Motion for Reconsideration.*

¶ 16 We review a trial court's denial of a motion for reconsideration for an abuse of discretion. *McGovern v. McGovern,* 201 Ariz. 172, 175, ¶ 6, 33 P.3d 506, 509 (App.2001). "Abuse of discretion" is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *Torres v. N. Am. Van Lines, Inc.,* 135 Ariz. 35, 40, 658 P.2d 835, 841 (App.1982).

¶ 17 On the record before us, we find no abuse of discretion. The superior court was not required to accept and examine evidence presented to it for the first time in connection with Tilley's motion for reconsideration. *Phil W. Morris Co. v. Schwartz,* 138 Ariz. 90, 94, 673 P.2d 28, 32 (App.1983) (calling it the "better policy" to disallow affidavits submitted after a decision on a motion for summary judgment where they do not include newly-discovered material and could have been produced earlier through reasonable diligence). This is especially true here, where the judge gave Tilley numerous opportunities to comply with the rules and repeatedly advised him of the deficiencies in his filings.

*The "Savings" Statute is Inapplicable.*

■ ¶ 18 Tilley's argument that he is entitled to rely on the "savings statute" set forth in A.R.S. § 12–504 is without merit. That statute is inapplicable when the trial court has made a final adjudication on the merits. A.R.S. § 12–504(A) reads, in pertinent part:

> If an action is commenced within the time limited for the action, and the action is terminated *in any manner other than by* abatement, voluntary dismissal, dismissal for lack of prosecution or *a final judgment on the merits,* the plaintiff ... may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination. If an action timely commenced is terminated by abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution, the court in its discretion may provide a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired.

(Emphasis added.)

A grant of summary judgment is a "final judgment on the merits." *El Paso Natural Gas Co. v. State,* 123 Ariz. 219, 222, 599 P.2d 175, 178 (1979).

*Neither Side is Entitled to Attorneys' Fees.*

¶ 19 Tilley requests an award of attorneys' fees incurred on appeal pursuant to Ariz. R. Civ. P. 11 and ARCAP 21. Delci's arguments, however, were not frivolous. Delci also requests fees, but fails to cite any basis for an award of attorneys' fees. We therefore deny his request. *See Smyser v. City of Peoria,* 215 Ariz. 428, 442, ¶ 50, 160 P.3d 1186, 1200 (App.2007) (noting that ARCAP 21 "only sets forth the procedure for requesting fees; it does not provide a substantive basis for a fee award"). We do, however, award appellees their costs associated with this appeal, contingent on compliance with ARCAP 21(a).

## CONCLUSION

¶ 20 For the foregoing reasons, we affirm the superior court's grant of summary judgment in favor of Delci.

CONCURRING: MICHAEL J. BROWN, Presiding Judge and DANIEL A. BARKER, Judge.