NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IBITSAM NUR and her mother and next friend, FAHMO IBRAHIM, in
her capacity as mother of the minor and individually,
*Plaintiffs/Appellants*,

v.

SCOTTSDALE HEALTHCARE CORPORATION, an Arizona corporation;
SCOTTSDALE HEALTHCARE OSBORN; SCOTTSDALE HEALTHCARE
HOSPITALS, an Arizona corporation, *Defendants/Appellees*.

No. 1 CA-CV 13-0021
FILED 3-18-2014

Appeal from the Superior Court in Maricopa County
No.  CV2010-051114
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

The Nathanson Law Firm, Scottsdale
By Philip J. Nathanson
*Counsel for Plaintiffs/Appellants*

Kent & Wittekind, PC, Phoenix
By Richard A. Kent, James A. Frisbie
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Chief Judge Diane M. Johnsen authored the decision of the Court, in which Judge Margaret H. Downie and Judge Michael J. Brown joined.

---

J O H N S E N, Judge:

¶1             Ibitsam Nur and Fahmo Ibrahim (collectively, "Appellants") appeal the superior court's entry of summary judgment in favor of Scottsdale Healthcare Corporation on their negligence claim.  We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2             Ibrahim was in labor when she arrived at Scottsdale Healthcare Osborn.  Complications occurred as labor progressed, and both Ibrahim and her newborn daughter, Nur, were injured during the delivery.  Ibrahim suffered a prolapsed uterus, cystocele and rectocele, and Nur suffered a broken clavicle and a brachial plexus injury.

¶3             Ibrahim and Nur filed a negligence suit against the hospital and its parent company, Scottsdale Healthcare Corporation (collectively, "SHC"), and other defendants not relevant to this appeal.  SHC moved for summary judgment, arguing Appellants could not meet their burden of proof on causation.  After Appellants did not respond to the motion, the superior court entered summary judgment in favor of SHC.  Appellants then moved to vacate the summary judgment and for a new trial.  In their motion, Appellants offered deposition testimony by Ibrahim that SHC nurses applied manual fundal pressure (i.e. they pressed on her abdomen) during delivery.  Appellants also offered deposition testimony by their causation expert witness, Dr. Fred DuBoe, which they argued was evidence that fundal pressure was a factor in causing Nur's injuries.[1]  The superior court denied Appellants' motion and entered judgment pursuant to Arizona Rule of Civil Procedure 54(b).

---

[1]     In their complaint, Appellants alleged SHC caused injuries both to Ibrahim and to Nur.  On appeal, however, they argue that SHC contributed only to Nur's injuries.

**¶4** Appellants timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-2101(A) (2014).[2]

## DISCUSSION

**¶5** Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review the grant of a motion for summary judgment *de novo*, viewing the facts and inferences drawn therefrom in the light most favorable to the party against whom judgment was entered. *Corbett v. Manorcare of Amer., Inc.*, 213 Ariz. 618, 621-22, ¶ 2, 146 P.3d 1027, 1030-31 (App. 2006).

**¶6** Appellants argue the superior court erred by granting SHC's motion for summary judgment solely based on their failure to respond to the motion. They argue a response was unnecessary because SHC's motion failed to "present a threshold showing or *prima facie* case."

**¶7** Generally, the non-moving party must submit a written response to a motion for summary judgment, or the superior court may, in its discretion, enter judgment in favor of the moving party. Ariz. R. Civ. P. 56(e)(4); *Schwab v. Ames Constr.*, 207 Ariz. 56, 59, ¶ 14, 83 P.3d 56, 59 (App. 2004). But a non-moving party's failure to respond does not by itself entitle the moving party to summary judgment. *Id.* ¶ 15. Summary judgment is proper only if the moving party presents evidence which, if uncontroverted, establishes that it is entitled to judgment as a matter of law. *Id.* at 59-60, ¶ 15, 83 P.3d at 59-60. Once a proper motion for summary judgment has been made, "an opposing party may not rely merely on allegations or denials of its own pleading; rather, its response must . . . set forth specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment, if appropriate, shall be entered against that party." Ariz. R. Civ. P. 56(e)(4). Under the rule, if the non-moving party does not respond to the motion, it does so at its own peril because the court will presume the facts presented in the motion are true and uncontroverted, and will draw inferences accordingly. *Schwab*, 207 Ariz. at 60, ¶ 16, 83 P.3d at 60.

---

[2] Absent material revision after the relevant date, we cite a statute's current version.

¶8            Contrary to Appellants' assertion, the superior court did not grant summary judgment solely because they failed to respond to the motion. In its order granting the motion, the court noted that pursuant to Arizona Rule of Civil Procedure 7.1(b), the failure to respond may be deemed consent to a motion. But the court also stated it found "no genuine issues of material fact and that Defendant Scottsdale Healthcare Corp. is entitled to judgment as a matter of law."

¶9            Summary judgment was appropriate because SHC presented evidence showing there was no causal connection between Appellants' injuries and the actions of SHC employees. SHC's motion cited the deposition testimony of Appellants' causation expert, DuBoe, who opined that SHC's employees "to a reasonable degree of medical probability, did not cause or contribute [to] any injury to [Ibrahim]." Concerning Nur's injuries, SHC cited DuBoe's deposition testimony that "to a reasonable degree of medical probability . . . nothing [SHC employees] did or failed to do caused or contributed to this patient's fractured clavicle" and "to a reasonable degree of medical probability the cause of the [brachial plexus injury] was excessive traction" by the delivering physician (who was not a SHC employee).

¶10           Under A.R.S. § 12-563 (2014), a "necessary element[] of proof" of Appellants' negligence claim against SHC was that its actions were a proximate cause of their injuries. The evidence cited above, if uncontroverted, established that SHC did not cause Appellants' injuries. Accordingly, Appellants had the burden of responding with controverting evidence sufficient to raise a genuine issue of material fact. Because Appellants failed to do so, summary judgment was proper.

¶11           Appellants argue that before granting the motion, the superior court was obligated to search the entire court record for controverting facts. In *Schwab*, we held the superior court must "consider" the entire record before entering summary judgment. 207 Ariz. at 59, ¶ 15, 83 P.3d at 59. But our supreme court has held that "neither we, the trial court, nor the court of appeals should be required to perform counsel's work by searching the record to attempt to discover facts which establish or defeat the motion. These are tasks which must be left to counsel." *Mast v. Standard Oil Co. of Cal.*, 140 Ariz. 1, 2, 680 P.2d 137, 138 (1984). *See Tilley v. Delci*, 220 Ariz. 233, 237 n.4, 204 P.3d 1082, 1086 n.4 (App. 2009) ("whether such a search is required, either by the trial court or on appeal,

depends on 'the volume and complexity' of the specific litigation in which the motion for summary judgment is filed").[3]

**¶12** In any event, in reviewing the superior court's grant of summary judgment, we consider only the evidence that was before the court when it ruled on the motion. *Phoenix Baptist Hosp. & Med. Ctr., Inc., v. Aiken*, 179 Ariz. 289, 292, 877 P.2d 1345, 1348 (App. 1994); *see also Cella Barr Assocs., Inc. v. Cohen*, 177 Ariz. 480, 487 n.1, 868 P.2d 1063, 1070 n.1 (App. 1994) (refusing to consider transcripts attached to motion for reconsideration because they were not before the trial court when it ruled on the underlying motion); *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4, 795 P.2d 827, 830 (App. 1990) ("[U]nless the deposition transcripts were part of the record before the trial court at the time it considered the motion for partial summary judgment, we cannot consider them on appeal.").

**¶13** Appellants point to no evidence in the record before the superior court at the time it ruled on SHC's motion that would have created a genuine issue of material fact. Instead, Appellants cite evidence they submitted with their motion for new trial: Deposition testimony by Ibrahim that SHC nurses applied fundal pressure during the delivery and testimony by DuBoe that Appellants claim demonstrates "any fundal pressure that was applied 'would have played a role' [i]n the child's brachial plexus injury." The superior court was not required to consider the evidence submitted with Appellants' motion for new trial. *See Tilley*, 220 Ariz. at 238, ¶ 17, 204 P.3d at 1087; *Phil W. Morris Co. v. Schwartz*, 138 Ariz. 90, 94, 673 P.2d 28, 32 (App. 1983) ("better policy" to disallow affidavits submitted after a decision on a motion for summary judgment that do not include newly discovered material and could have been produced earlier through reasonable diligence). Because Appellants have not challenged the denial of their motion for new trial, we need not evaluate the merits of the evidence Appellants presented with the motion.

---

[3] Contrary to Appellants' contention, *Schwab* did not hold that the superior court must examine every document in the record for evidence that might controvert a motion for summary judgment. Instead, we reversed in that case because the motions at issue did not demonstrate the defendants' entitlement to summary judgment. 207 Ariz. at 61, ¶ 20, 83 P.3d at 61.

**CONCLUSION**

¶14       For the foregoing reasons, we affirm the entry of summary judgment in favor of SHC. [4]



Ruth A. Willingham · Clerk of the Court
FILED: mjt

---

[4]       Although this court initially granted SHC's request for oral argument, it cancelled the argument after SHC waived its request.