NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENTAND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

TBF FINANCIAL, LLC, *Plaintiff/Appellee*,

*v.*

CHESTER and VANESSA DEVENS, *Defendants/Appellants.*

No. 1 CA-CV 13-0425

FILED 06-10-2014

---

Appeal from the Superior Court in Maricopa County
CV2012-055106
The Honorable Colleen L. French, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Law Office of Barbara Maroney, P.C., Cave Creek
By Barbara Maroney
*Counsel for Plaintiff/Appellee*

The Law Offices of J.D. Denny, PLLC, Tempe
By J. D. Denny
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**B R O W N**, Judge:

¶1   Chester and Vanessa Devens ("Appellants") appeal the trial court's grant of summary judgment in favor of TBF Financial, LLC ("TBF"). For the following reasons, we affirm.

## BACKGROUND

¶2   In May 2009, Appellants entered into an agreement with Key Equipment Finance ("KEF") in which Appellants agreed to lease a semi-trailer in exchange for payment to KEF of 36 monthly installments of $1,411.43, plus applicable taxes "levied or assessed against the Lease, Lessee or Lessor or the Equipment, its lease, sale, ownership, use or operation." In June, KEF sent Appellants their first payment notice for the amount of $1,411.43, plus "sales/use tax" of $124.96 and "interim rent" of $94.10. Appellants did not pay any amounts under the lease and thus the trailer was repossessed and sold. The balance due under the lease after the sale was $44,948.64.

¶3   In December 2011, KEF assigned its rights in the lease to CCA Financial LLC, who subsequently entered into an asset purchase agreement with TBF in August 2012. In October 2012, TBF filed a complaint against Appellants for, among other claims, breach of contract. Without counsel, Appellants filed an answer in which they admitted they entered the lease and failed to make payments, but that nonpayment was justified because KEF breached the lease by invoicing Appellants for additional amounts than the agreed upon monthly payment of $1,411.43. Appellants attached to their answer a letter they had sent to a representative of KEF stating that they were not advised of the extra fees involved in the lease of the trailer, nor were they to pay sales tax because in Arizona "leases are not taxed." TBF moved for summary judgment on its breach of contract claim. Appellants filed a response generally denying

the factual assertions made by TBF. After consideration, the trial court summarily granted TBF's motion.[1]

¶4         Appellants filed a motion for reconsideration, arguing they had no obligation to pay taxes on the lease because of Arizona's "motor carrier" tax exemption.[2] The court denied their motion for reconsideration and entered judgment in favor of TBF in the amount of $46,791.64, which included damages, attorneys' fees, and costs. This timely appeal followed.

## DISCUSSION

¶5         Appellants argue that the trial court erred in granting summary judgment because they did not agree to pay the sales tax invoiced by the lessor.

¶6         Summary judgment is appropriate if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a). We review a grant of summary judgment de novo, *BMO Harris Bank N.A. v. Wildwood Creek Ranch, LLC*, 234 Ariz. 100, 102, ¶ 7, 317 P.3d 641, 643 (App. 2014), and view the record in a light most favorable to the party opposing summary judgment. *Maxwell v. Fid. Fin. Servs., Inc.*, 184 Ariz. 82, 85, 907 P.2d 51, 54 (1995).

¶7         When the party moving for summary judgment makes a prima facie case showing that no genuine issue of material fact exists, the burden shifts to the opposing party to produce sufficient competent evidence to show that there is an issue. *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 115, ¶ 12, 180 P.3d 977, 980 (App. 2008). "It is well established that, in an action based on breach of contract, the plaintiff has the burden of proving the existence of a contract, breach of the contract, and resulting damages." *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, 83 P.3d 1103, 1111

---

[1]         Although the signed judgment states that Appellants failed to respond, the court's prior minute entry specifically states that it reviewed the motion, response, and reply.

[2]         Ariz. Rev. Stat. § 28-5860(A) provides that "[p]ayment of the motor carrier fee by a motor carrier . . . exempts the motor carrier . . . from any transaction privilege tax or any similar tax imposed by any taxing authority within this state."

(App. 2004) (citing *Thunderbird Metallurgical, Inc. v. Ariz. Testing Lab.*, 5 Ariz. App. 48, 423 P.2d 124 (1967)).

¶8 Rule 56 is clear as to the requirements for an opposing party's response:

> Any party filing a motion for summary judgment shall set forth, in a statement separate from the memorandum of law, the specific facts relied upon in support of the motion. The facts shall be stated in concise, numbered paragraphs. As to each fact, the statement shall refer to the specific portion of the record where the fact may be found. *Any party opposing a motion for summary judgment shall file a statement in the form prescribed by this Rule, specifying those paragraphs in the moving party's statement of facts which are disputed, and also setting forth those facts which establish a genuine issue of material fact or otherwise preclude summary judgment in favor of the moving party.*

Ariz. R. Civ. P. 56(c) (emphasis added). As such, "an opposing party may not rely merely on allegations or denials of its own pleading; rather, its response must, by affidavits or as otherwise provided in this Rule, set forth specific facts showing a genuine issue for trial. "Ariz. R. Civ. P. 56(e)(4). "If the opposing party does not so respond, summary judgment, if appropriate, shall be entered against that party." *Id.*

¶9 Here, TBF provided an affidavit and corresponding documents establishing that Appellants (1) signed a lease (later assigned to TBF), (2) failed to make monthly payments under the lease, and (3) failed to pay the balance due following repossession and sale of the semi-trailer. As a result, TBF demonstrated a prima facie case for breach of contract. The burden thus shifted to Appellants to produce evidence showing a genuine dispute of material fact relating to the breach of contract claim.

¶10 In their response to TBF's motion, Appellants simply alleged that the sales tax claimed by TBF was a material fact in dispute. No documentation, much less any affidavits or discovery responses, was included with the response. *See Maxwell*, 184 Ariz. at 86, 907 P.2d at 55 (explaining that an opposing party must support its opposition by affidavits or by "depositions, answers to interrogatories, or admissions on file"). Therefore, because the only controverting materials presented were unsworn allegations, our review of the summary judgment is limited to

4

the facts presented by TBF. *See Tilley v. Delci,* 220 Ariz. 233, 237, ¶ 11, 204 P.3d 1082, 1086 (App. 2009) (explaining that "an adverse party who fails to respond does so at his peril because uncontroverted evidence favorable to the movant, and from which only one inference can be drawn, will be presumed to be true").

¶11 Appellants argue nonetheless that in response to the motion for summary judgment they asserted "through appropriate memorandum" that the taxes imposed by TBF were not applicable to the lease agreement. But their general, unsupported assertion was insufficient to create any factual dispute. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.3d 1000, 1008 (1990) (holding that if a party with the burden of proof on a defense to summary judgment cannot respond to a summary judgment motion by showing that there is evidence creating a genuine issue of fact then the motion should be granted). In light of the uncontroverted evidence presented by TBF, the trial court properly granted summary judgment.

¶12 TBF requests an award of attorneys' fees incurred on appeal pursuant to the terms of the lease, which provides for an award of reasonable fees if collection proceedings are necessary. We "will enforce a contractual provision for attorneys' fees according to its terms." *Rand v. Porsche Fin. Servs.*, 216 Ariz. 424, 435, ¶ 42, 167 P.3d 111, 122 (App. 2007). We therefore award reasonable attorneys' fees to TBF upon its compliance with ARCAP 21.

## CONCLUSION

¶13 For the reasons stated above, we affirm the trial court's grant of summary judgment in favor of TBF.



Ruth A. Willingham · Clerk of the Court
FILED: gsh