NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ROBERT HEATH SHORES, *Plaintiff/Appellant,*

*v.*

JUAN DIAZ, *Defendant/Appellee.*

No. 1 CA-CV 18-0248
FILED 5-21-2019

Appeal from the Superior Court in Maricopa County
No. CV2017-014313
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

APPEARANCES

Robert Heath Shores, Florence
*Appellant*

The Doyle Firm, P.C., Phoenix
By William H. Doyle
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Jon W. Thompson and Vice Chief Judge Peter B. Swann joined.

**M O R S E**, Judge:

¶1          Appellant Robert Heath Shores ("Shores") appeals the superior court's January 29, 2018 order granting Appellee Juan Diaz's ("Diaz") motion to dismiss.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2          On September 29, 2017, Shores served the Surprise Police Department ("Police Department") with a notice of claim ("Notice of Claim").  Shores claimed that Diaz—a detective with the Police Department—"presented fabricated evidence, and false sworn testimony" to three grand juries, which resulted in Shores being criminally indicted. Neither the Police Department nor Diaz responded.

¶3          On November 2, 2017, Shores filed a civil complaint ("Complaint") against the Police Department and Diaz.  He alleged, again, that Diaz committed perjury while testifying before three grand juries on three separate dates: December 30, 2014; March 4, 2015; and February 22, 2016.  He claimed that the perjury led to his indictment.[1]  He also stated a monetary demand of $10,000,000 in damages.  On November 17, 2017, Diaz filed a motion to dismiss ("Motion to Dismiss") the Complaint  in which he argued that (1) Shores failed to file a timely notice of claim on Diaz as required by Arizona Revised Statutes ("A.R.S.") section 12-821.01(A), (2) the Complaint was barred by the one-year statute of limitations contained in A.R.S. § 12-821, and (3) the superior court's dismissal of the First Action "collaterally estops [Shores] from maintaining the Second Action."

¶4          On November 28, 2017, Shores filed a response ("Response") to the Motion to Dismiss in which he requested oral argument.  On December 6, 2017, Diaz filed a reply in support of the Motion to Dismiss. On December 12, 2017, Shores filed a document captioned "Supplemental to Plaintiff's Notice of Claim" ("Supplemental Memo").  In the Supplemental Memo, Shores argued that he timely filed the Notice of Claim—pursuant to A.R.S. § 12-821.01—because he did not realize until "late into February 2017," after receiving the grand jury transcripts, that Diaz fabricated

---

[1]          This is the second of two civil actions filed by Shores against Diaz arising out of the same criminal charges brought against Shores.  For purposes of this decision, the first civil action—Maricopa County Superior Court Case No. CV2017-053734—will be referred to as the "First Action." The action subject to this appeal—Maricopa County Superior Court Case No. CV2017-014313—will be referred to as the "Second Action."

evidence. Shores also argued that Diaz "lost his shield of qualified immunity" when he fabricated evidence, and that it would be in Diaz's best interest to settle for "six million [dollars]" in damages because Diaz already admitted to the alleged perjury. On January 19, 2018, Shores filed a motion requesting court-appointed counsel.

**¶5** The superior court subsequently struck the Supplemental Memo, denied Shores's request for oral argument, and granted the Motion to Dismiss. The court also denied Shores's request for counsel, deeming the request moot.

**¶6** Shores timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶7** In his opening brief, Shores does not challenge the superior court's grant of the Motion to Dismiss and only raises three arguments on appeal. First, Shores argues that the superior court erred when it struck the Supplemental Memo, and asserts that because Diaz did not file a motion to strike the Supplemental Memo, the court erred by striking it on its "own initiative." Second, Shores argues that the superior court erred when it denied his request for oral argument on the Motion to Dismiss. Third, Shores argues that the superior court erred in "deeming [his] motion for counsel moot." He argues that because he filed this motion in a timely manner, it should have been granted.

**¶8** As a preliminary matter, we note that Shores violated Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a). Shores failed to make a single citation to relevant legal authority. He did not develop his arguments, state an applicable standard of review, nor provide any other record citations to support each contention other than a record citation to an incident report. Despite Shores's failure to comply with ARCAP 13(a), we will not dismiss this appeal. *Cf. Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137, ¶ 7, n.2 (App. 2011) (waiver for failure to comply with ARCAP 13 is discretionary).

## I.     Motion to Dismiss

**¶9** As noted above, Shores does not contend in his opening brief that the superior court erred in granting the Motion to Dismiss. In his reply brief, Shores asserts that he is "appealing [the superior court's] order," but he has waived any argument by failing to raise this issue in his opening brief. *See State v. Linder*, 227 Ariz. 69, 70, ¶ 3, n.1 (App. 2010) (finding waiver

of arguments that were raised in a reply brief but not advanced in the opening brief); *State v. Moody*, 208 Ariz. 424, 452, ¶ 101, n.9 (2004) ("In Arizona, opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised. Failure to argue a claim usually constitutes abandonment and waiver of that claim.").

**¶10** Even if this argument were not waived, the superior court did not err in granting the Motion to Dismiss. *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11 (2006) ("We review an order granting a motion to dismiss for abuse of discretion."). Shores contends that he filed a timely notice of claim in May 2017, in connection with the First Action. A party is collaterally estopped from relitigating an issue when "an issue was actually litigated in a previous proceeding, there was a full and fair opportunity to litigate the issue, resolution of the issue was essential to the decision, a valid and final decision on the merits was entered, and there is common identity of parties." *Hullett v. Cousin*, 204 Ariz. 292, 297-98, ¶ 27 (2003). In the First Action, Shores litigated the issue of compliance with A.R.S. § 12-821.01(A), that determination was essential to the litigation, Shores was given a full and fair opportunity to litigate the issue, and a final decision on the merits was entered. Because that May 2017 notice of claim was found to be improper in the First Action, Shores cannot relitigate it now. *See Hullett*, 204 Ariz. at 297-98, ¶ 27.

**¶11** The September 2017 Notice of Claim was untimely. A.R.S. § 12-821.01(A), in part, states:

> Persons who have claims against a public entity . . . or a public employee shall file claims with the person or persons authorized to accept service for the public entity . . . within one hundred eighty days after the cause of action accrues.

The most recent grand jury proceeding—where the alleged perjury took place—was on February 22, 2016. Shores did not serve the Notice of Claim until September 29, 2017, 585 days later. Shores received the grand jury transcripts in early 2017 and even if all plausible inferences are drawn in his favor, *see supra* ¶ 4, the Notice of Claim would still be untimely by 33 days.

Shores therefore failed to comply with A.R.S. § 12-821.01(A) and the superior court did not err in granting the Motion to Dismiss.[2]

## II.   Supplemental to Plaintiff's Notice of Claim

**¶12**        "A court's decision to strike pleadings is reviewed for an abuse of discretion." *Dowling v. Stapley*, 221 Ariz. 251, 266, ¶ 45 (App. 2009); *see also Schwab v. Ames Constr.*, 207 Ariz. 56, 60, ¶ 17 (App. 2004) (noting that rulings under Rule 7.1 are reviewed for an abuse of discretion). An "'[a]buse of discretion' is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16 (App. 2009) (quoting *Torres v. N. Am. Van Lines, Inc.,* 135 Ariz. 35, 40 (App. 1982)).

**¶13**        The superior court did not abuse its discretion in striking the Supplemental Memo. Any party opposing a motion may file a responsive memorandum within "10 days after" the motion and its supporting memorandum are served. Ariz. R. Civ. P. 7.1(a)(3). The moving party may then file a "reply memorandum" addressing only those matters raised in the responsive memorandum. *Id.* Here, Diaz filed the Motion to Dismiss, Shores subsequently filed the Response, and then Diaz filed a reply. Thereafter, Shores filed the Supplemental Memo, where he attempted to add additional arguments to the Response.

**¶14**        Rule 7.1(a) permits the filing of a motion accompanied by a memorandum, a responsive memorandum, and a reply memorandum. It does not provide for an additional responsive pleading after a reply has been filed. *See* Ariz. R. Civ. P. 7.1(a)(3). Outside of Shores's claim that the superior court erred in striking the Supplemental Memo because it did so "on it[s] own initiative" and without Diaz filing a motion to strike, Shores did not provide any legal authority or argument as to why the court's decision to follow Rule 7.1 in these circumstances was manifestly unreasonable. *See Tilley,* 220 Ariz. at 238, ¶ 16. The superior court acted within its discretion in striking the Supplemental Memo, *see Dowling,* 221 Ariz. at 266, ¶ 45, and the lack of a motion to strike does not alter the superior court's discretionary authority to enforce the Rule, *see Schwab*, 207 Ariz. at 60, ¶ 17.

---

[2]        Because we conclude that the superior court did not err in granting the Motion to Dismiss, Shores's argument that the court abused its discretion in denying his request to appoint counsel is moot.

## III.  Request for Oral Argument

**¶15**        Finally, Shores argues the superior court erred in denying his request for oral argument.  Maricopa County Local Rule of Practice ("Local Rule") 3.2(d) provides, in relevant part, that if a party requests oral argument, the court "may, in its discretion, order, allow, or deny oral argument . . . consistent with the Arizona Rules of Civil Procedure."

**¶16**        Local Rule 3.2(d), however, does not require the superior court to hold oral argument upon request.  Except for grants of summary judgment, as provided in Rule 56(c)(1), Rule 7.1(d) explicitly provides that courts "may decide motions without oral argument, even if oral argument is requested."  Ariz. R. Civ. P. 7.1(d); *see also Cristall v. Cristall*, 225 Ariz. 591, 597, ¶ 29 (App. 2010) (finding that "the trial court has discretion to grant or deny a request for oral argument").  In light of the legal issues presented in the Motion to Dismiss, *supra* ¶¶ 10-11, the superior court was well within its discretion to deny Shores's request for oral argument.

## CONCLUSION

**¶17**        For the foregoing reasons, we affirm the superior court's final judgment.



AMY M. WOOD • Clerk of the Court
FILED:  AA