NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JACKSON R. MAUNEY, et al., *Plaintiffs/Appellants*,

*v.*

BANNER HEALTH, dba BANNER DESERT MEDICAL CENTER,
a non-profit corporation, *Defendant/Appellee*.

No. 1 CA-CV 22-0268
FILED 06-20-2024

Appeal from the Superior Court in Maricopa County
No. CV2019-015581
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Bailey Law Firm, PLLC, Tempe
By Jenna C. Bailey
*Counsel for Plaintiffs/Appellants*

Sanders & Parks, P.C., Phoenix
By Robin E. Burgess, John C. Quinn
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**C R U Z**, Judge:

¶1        Jackson R. Mauney appeals from the superior court's grant of summary judgment to Banner Health dba Banner Desert Medical Center ("Banner").  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        In December 2017, Betsy Mauney ("Mrs. Mauney") visited Banner's emergency department for evaluation and treatment after a fall. An MRI revealed Mrs. Mauney had a T6 compression fracture, multiple chronic compression fractures, and multi-level degenerative disc disease. Mrs. Mauney's family requested she undergo a kyphoplasty procedure as soon as possible.  The procedure was performed several weeks later.

¶3        In December 2019, Mauney filed suit against Banner as well as Dr. Naved Khan and Dr. Barjinder Bir-Singh Bhullar, who are not parties to this appeal, claiming Banner negligently delayed Mrs. Mauney's kyphoplasty procedure causing her physical condition to deteriorate in the weeks before her surgery.  Mauney identified Nurse Michelle Myers Glower as the standard of care expert witness and Dr. Martin D. Mollen as the causation expert witness.  Nurse Glower submitted an affidavit identifying ways the Banner nursing staff fell below the standard of care. Dr. Mollen provided deposition testimony to show the delayed procedure caused Mrs. Mauney's physical condition.

¶4        Banner moved for summary judgment, arguing Mauney had not established causation.  The superior court granted the motion.  Mauney then filed a motion for reconsideration, which the superior court denied.

¶5        Mauney timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

**DISCUSSION**

¶6          We review de novo a grant of summary judgment, viewing the facts in the light most favorable to the non-moving party. *Tilley v. Delci*, 220 Ariz. 233, 236, ¶ 7 (App. 2009). But we review the superior court's determinations on expert qualifications and the admissibility of evidence for an abuse of discretion. *Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 387, ¶ 30 (2013); *Mohave Elec. Co-op., Inc. v. Byers*, 189 Ariz. 292, 301 (App. 1997). We also review the denial of a motion for reconsideration for an abuse of discretion. *Tilley*, 220 Ariz. at 238, ¶ 16.

¶7          As a preliminary matter, Banner argues we should dismiss the appeal because Mauney's opening brief does not comply with Arizona Rules of Civil Appellate Procedure ("ARCAP") Rule 13. Although we may dispose of an appeal for failure to comply with ARCAP 13, we decline to do so in this case. *See Lederman v. Phelps Dodge Corp.*, 19 Ariz. App. 107, 108 (App. 1973); *Clemens v. Clark*, 101 Ariz. 413, 414 (1966).

¶8          Alternatively, Banner requests we strike from Mauney's opening brief any facts that cannot be verified "via specific citations to either admissible evidence or testimony," the portions of the brief "discussing Dr. Khan, Dr. Bhullar, or the kyphoplasty procedure," and "all references and citations to evidence not before the Superior Court when it decided Banner's Motion for Summary Judgment."

¶9          "We review the decision on the record made in the trial court, considering only the evidence presented to the trial court when it addressed the motion." *Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 55, ¶ 8 (App. 2007). Therefore, we will not consider any evidence not before the superior court when it decided Banner's motion for summary judgment. Further, Dr. Khan and Dr. Bhullar were both dismissed from this appeal. Any arguments about Dr. Khan or Dr. Bhullar will not be considered.

I.    Motion for Summary Judgment

¶10          Mauney argues the superior court erred when it granted Banner's motion for summary judgment finding there was no "evidence of causation to support Plaintiff's negligence claim against the Defendant Banner Health."

¶11          "In medical malpractice actions . . . the plaintiff must prove the existence of a duty, a breach of that duty, causation, and damages." *Seisinger v. Siebel*, 220 Ariz. 85, 94, ¶ 32 (2009). Causation must be proved through "expert medical testimony, unless the [causal] connection is

readily apparent to the trier of fact." *Barrett v. Harris*, 207 Ariz. 374, 378, ¶ 12 (App. 2004).

¶12 Mauney disclosed Dr. Mollen as the causation expert witness. But at his deposition, Dr. Mollen stated he would not provide causation testimony against any Banner staff.

> Q: Are you going to offer any testimony or opinions regarding whether any act by any of the Banner staff, in particular the nursing staff or any other Banner employee, caused any form of injury to Ms. Mauney?
>
> A: No – I didn't hear the beginning of your question – I don't remember the beginning of the question – but I'm not going to be offering any opinions in that regard.
>
> Q: Okay. Do you want the question to be read back –
>
> A. Sure.
>
> Q: –to make sure that you caught the whole thing –
>
> A: Yes.
>
> Q: – before you give the final answer?
>
> A: Okay.
>
> Q: Since we're at opposite ends of the table, maybe if the court reporter read it to you, it would be easier.
>
> (The following was read by the reporter:
>
> "Question: Are you going to offer any testimony or opinions regarding whether any act by any of the Banner staff, in particular the nursing staff or any other Banner employee, caused any form of injury to Mrs. Mauney?")
>
> A: Right. That's what I thought I heard. So, no, I'm not.

Dr. Mollen also stated the following:

> Q: And just to be clear, I think you already told us early on, when I was asking you some questions, that you are not going to be testifying to a reasonable degree of medical probability that any of the care rendered by any of the Banner staff, including the nurses, caused any injury to this patient. Correct?
>
> A: That is correct.

¶13 Despite Dr. Mollen's testimony that he would not be providing causation testimony against Banner, Mauney argues Dr. Mollen's subsequent deposition testimony, where he responded to questions regarding events Nurse Glower identified as falling below the standard of care, shows causation. But Dr. Mollen speculated whether the events Nurse Glower identified as falling below the standard of care caused injury. For example:

> Q: So, would a failure to assess a patient's neurological deficits in their hospitalization lead to any of the potential damages that Mrs. Mauney had?
>
> A: I think I understand your question. Basically, if they did not evaluate her properly – and I don't know whether they did or not. But if they didn't and, therefore, there were things that they should have done in her care or things that they should have notified a physician about a change, then that could have an impact on how she did thereafter.

¶14 "[A] plaintiff must show that causation is probable, not merely speculative." *Sampson v. Surgery Ctr. of Peoria, LLC*, 251 Ariz. 308, 311, ¶ 15 (2021). "[G]enerally expert medical testimony that a subsequent illness or disease 'could' or 'may' have been the cause of the injury is insufficient." *Kreisman v. Thomas*, 12 Ariz. App. 215, 218 (App. 1970).

¶15 Dr. Mollen's response to this line of questioning did not show that causation was probable. Further, Dr. Mollen's statements that events 'could' or 'may' have caused Mrs. Mauney's injury are of the type deemed generally insufficient to show causation. Because Dr. Mollen stated he would not be providing causation testimony against Banner and, when questioned, provided speculative causation testimony, the superior court

did not err when it found no evidence of causation to support Mauney's negligence claim against Banner.

**¶16**         Mauney also points to the Fifth Supplemental Disclosure Statement as showing further opinions of Dr. Mollen that show causation. But the superior court did not consider the Fifth Supplemental Disclosure Statement, reasoning the statement did not "constitute competent evidence in opposition of the motion for summary judgment." Mauney does not explicitly appeal the superior court's decision not to consider the statement but suggests the superior court should have considered the statement.

**¶17**         We review the admissibility of evidence for an abuse of discretion. *Mohave Elec. Co-op., Inc.*, 189 Ariz. at 301. When opposing a motion for summary judgment, "[t]he opposing party must, by affidavit or as otherwise provided in this rule, set forth specific facts showing a genuine issue for trial." Ariz. R. Civ. P. 56(e). "While a court must review the contents of supporting affidavits and depositions in ruling upon a motion for summary judgment, only such matters stated therein as would be admissible in evidence may properly be considered by the court." *Briskman v. Del Monte Mortg. Co.*, 10 Ariz. App. 263, 266 (1969). The superior court did not abuse its discretion when it found the Fifth Supplemental Disclosure Statement inadmissible.

**¶18**         Additionally, Mauney argues the superior court erred when it found Nurse Glower was not qualified to provide causation testimony. The superior court reasoned that while "Nurse Glower's testimony addresses the standard of care issue, she is not qualified to testify regarding Mrs. Mauney's diagnosis, *i.e.*, regarding the underlying causes associated with the purported deterioration of her mental and physical condition." The superior court stated, "[t]his sort of causal analysis requires the testimony of a physician."

**¶19**         "If a registered nurse possesses 'specialized knowledge' that would help the [jury] to understand the evidence or to determine a fact in issue such as cause of death, then that individual may testify as an expert regarding that issue." *Windhurst v. Ariz. Dep't of Corrs.*, 256 Ariz. 186, 197, ¶ 47 (2023). Further, a qualified expert witness must demonstrate that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." Ariz. R. Evid. 702(a).

¶20 While a physician's testimony is not required to show causation, Mauney did need to show Nurse Glower possessed the specialized knowledge to testify as a causation expert. For example, in *Rasor v. Northwest Hospital LLC*, a patient developed a pressure ulcer during post-operative care. 244 Ariz. 423, 424, 429-30, ¶¶ 3, 24-25 (App. 2018). This court held a certified wound nurse qualified to testify as a causation expert because she had specialized knowledge and skills that would assist in resolving the issues in the case. *Id.* at 429-30, ¶¶ 24-25.

¶21 Unlike in *Rasor*, Mauney has not shown Nurse Glower possessed the specialized knowledge to testify as a causation expert on matters of Mauney's diagnosis, and how the quality of care Mauney received ultimately impacted her subsequent mental and physical condition. Nurse Glower's affidavit states she is a "board-certified Nurse Executive Advanced and Certified Clinical Nurse Educator currently practicing and teaching in the State of Florida." But this does not provide any basis for why Nurse Glower is qualified to testify to causation on the issues in this case.

¶22 Mauney points to the Fifth Supplemental Disclosure Statement to show Nurse Glower's expert opinion and qualifications to testify as a causation expert. But for the reasons stated above, the superior court did not abuse its discretion when it declined to consider the Fifth Supplemental Disclosure Statement.

¶23 The superior court did not abuse its discretion when it determined Nurse Glower was not qualified to provide expert causation testimony. Further, the superior court did not err when it granted the motion for summary judgment.

II. Motion for Reconsideration

¶24 Mauney argues the superior court abused its discretion when it denied his motion for reconsideration. In the motion for reconsideration, Mauney asserted *Windhurst v. Ariz. Dep't of Corrs.*, 252 Ariz. 240 (App. 2021), *vacated by Windhurst v. Ariz. Dep't of Corr.*, 256 Ariz. 186 (2023) presented new legal authority that mirrored the issues in this case. The superior court denied the motion reasoning *Windhurst I* relied upon prior Arizona law, such as *Rasor*, and did not find a legal or factual basis to reconsider its earlier ruling.

¶25 Mauney disclosed Dr. Mollen as the causation expert witness and Nurse Glower as the standard of care expert witness. Dr. Mollen testified he did not intend to offer causation testimony against Banner. Although a nurse may act as a causation expert, Nurse Glower was the standard care expert and was not shown to have the qualifications to act as the causation expert. The superior court did not abuse its discretion when it denied the motion for reconsideration.

**CONCLUSION**

¶26 We affirm.

