NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

CANON ELECTRIC LLC,
*Plaintiff/CounterDefendant/Appellee,*

*v.*

RETAIL CONTRACTING GROUP, INC.,
*Defendant/CounterClaimant/Appellant.*

No. 1 CA-CV 24-0935

FILED 12-08-2025

---

Appeal from the Superior Court in Maricopa County
No. CV2022-052522
The Honorable M. Scott McCoy, Judge *(Retired)*

**AFFIRMED**

---

COUNSEL

Tiffany & Bosco P.A., Phoenix
By Richard C. Gramlich
*Counsel for Defendant/CounterClaimant/Appellant*

Palecek and Palecek PLLC, Scottsdale
By Karen A. Palecek, James J. Palecek
*Counsel for Plaintiff/CounterDefendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**T H U M M A,** Judge:

¶1 Defendant Retail Contracting Group, Inc. (Retail) appeals from the grant of summary judgment for plaintiff Canon Electric, LLC (Canon) and the denial of Retail's motion to reconsider. Because Retail has shown no reversible error, the orders are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 This case turns on whether Retail was justified in refusing to pay Canon nearly $100,000 for electrical work. Retail, as the general contractor, entered into a subcontract with Canon for work at a Lens Crafters store in Scottsdale. The subcontract had Canon providing electrical work in exchange for Retail paying $90,950. The parties later agreed to three written change orders, increasing the total price to $99,162.50. The subcontract was effective August 18, 2021, but not signed by Canon until October 11, 2021. The subcontract required quick work, listing an August 30, 2021 start, and completion by December 11, 2021.

¶3 Given the short timeline, the subcontract had several 24-hour notice provisions. One such provision required Retail to give Canon written notice of any failure to comply, and 24 hours to cure, before terminating the subcontract for breach, or otherwise claiming a breach. Specifically, section 4(G) of the subcontract states that Canon had 24 hours to cure any claimed defect after Retail gave "notice in writing" of any alleged defect (4(g) notice). Only if Canon failed to cure within 24 hours of such written notice could Retail "terminate Subcontractor [Canon] and take over this Subcontract."

¶4 The subcontract had an express schedule for invoicing and payment: (1) an invoice for the first 45 percent upon the later of signing the contract or the start date (the later of those two dates was October 11, 2021); (2) an invoice for the second 45 percent upon 90 percent completion and (3) an invoice for the final 10 percent and any approved change orders upon completion. Payment terms were "net 45 days from the date of a

PROPERLY RECEIVED INVOICE which includes a notarized requisition for payment." The subcontract attached sample requisitions for payment reflecting these three stages.

¶5        It is undisputed that Canon submitted three invoices to Retail totaling $99,162.50. Canon's first invoice was a notarized first requisition for payment of $40,927.50 (first 45 percent) dated September 20, 2021. Canon's notarized second requisition for payment of $40,927.50 (second 45 percent) was dated November 19, 2021. And Retail concedes that it received the third invoice, with Canon's invoices totaling $99,162.50 (the subcontract price plus the three change orders). Retail does not dispute that it timely received these requisitions for payment. Retail did not, however, pay Canon anything under the subcontract.

¶6        Retail, as the general contractor, sought and obtained payment from the property owner (who is not a party here), including for the electrical work that it claims Canon failed to perform. Specifically, on September 21, 2021, one day after the first Canon requisition, Retail submitted to the owner a notarized payment application stating work on the project (including Canon's electrical work) was 50 percent complete. On October 28, 2021, Retail submitted to the owner a second notarized payment application stating that all work on the project (including the electrical work) was complete. Although the payment date of the September 21, 2021 application is uncertain, Retail produced documents showing the owner paid the October 28, 2021 application on December 7, 2021.[1] It is undisputed that the owner paid Retail in full for the project.

¶7        According to Retail, on December 12 or 13, 2021 – a day or two after the completion date in the subcontract – Canon stopped work "without cause or prior notice." On February 1, 2022, Canon sent Retail a three-day stop work notice under Arizona's Prompt Payment Act (APPA), *see* Ariz. Rev. Stat. (A.R.S.) §§ 32-1181 to -1188 (2025),[2] and notice of intent to lien.

---

[1] These same documents note the September 21, 2021 application, suggesting (but not stating) that the owner had paid Retail the 50 percent complete amount, and not listing that amount as outstanding.

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶8       Canon and Retail present differing versions of Canon's work. Canon claims that it completed almost all of the electrical work, did so in a timely and workmanlike manner and that Retail never provided any written objections or notice that the work did not comply with the subcontract. Canon also notes that Retail invoiced the owner, who fully paid for the work required under the subcontract. Retail counters that (1) Canon committed the first material breach of the subcontract; (2) Retail sent Canon a notice to perform, but Canon did not cure; and (3) Canon owes Retail more than $45,000, representing Retail's cost to cure (about $145,000) less the amount of Canon's invoices. Retail asserts that the owner did not pay it for that work until after Canon filed this suit.

¶9       In August 2022, Canon filed this case. As to Retail and American Contractors Indemnity Company (ACIC), a surety, Canon asserted breach of contract, breach of the covenant of good faith and fair dealing and discharge of lien bond claims. Retail and ACIC answered and asserted counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, breach of the implied warranty of workmanship and wrongful lien claims.

¶10       In March 2024, at the close of discovery, Canon moved for summary judgment. The procedure involved in that motion practice was atypical and is discussed here in some detail.

¶11       Canon's motion argued that Retail and ACIC could not genuinely dispute any issue of material fact and that Canon was entitled to judgment as a matter of law on all claims and counterclaims. Among other things, Canon argued that Retail committed the first material breach of the subcontract, that Retail breached the subcontract and that Retail also failed to comply with the APPA. Canon supported the motion with a declaration of Ryan Hatcher under Arizona Rule of Civil Procedure 80(c). The Hatcher declaration, in turn, properly authenticated documents attached to it.

¶12       In early April 2024, Retail and ACIC opposed Canon's motion, arguing (among other things) that Canon committed the first material breach of the subcontract. Retail supported its opposition with a declaration of Kenneth Pritchard that failed to comply with Rule 80(c).[3]

---

[3] That declaration was not signed "as true under penalty of perjury;" was not dated and did not declare "under penalty of perjury" that the information contained in it "is true and correct," all of which is required when a party seeks to use a declaration (rather than an affidavit) to seek or oppose summary judgment. *See* Ariz. R. Civ. P. 80(c) & 56(c)(5).

Although it attached some documents, including an undated "subcontractor notice to perform," the Pritchard declaration did not provide foundation for the documents because it did not comply with Rule 80(c) or reference or authenticate the documents. *See* Ariz. R. Evid. 902(11).

¶13 Had Canon objected to the Pritchard declaration under Rule 80(c), the superior court could have sustained that objection, Ariz. R. Civ. P. 56(b)(4), perhaps resulting in Canon's motion for summary judgment being granted, Ariz. R. Civ. P. 56(e). Canon did not, however, object on Rule 80(c) grounds, thereby waiving the issue. Instead, in reply, Canon relied on concessions in the Pritchard declaration, including that Retail invoiced the owner for all of Canon's work, and was paid in full by the owner. Canon also argued that it never received a 24-hour notice of deficiency as required by section 4(G) of the subcontract, adding that Canon "received no communication from [Retail] at any time during the project that it had breached the contract," and that Retail breached the APPA.

¶14 Arguing the Pritchard declaration had "glaring deficiencies," Canon asserted that the documents attached to it "do not present actual evidence of any legitimate defenses" to Canon's claims. Canon argued that Retail presented "zero proof that it complied" with the subcontract's notice of breach requirement. Specifically objecting to the "subcontractor notice to perform" attached to the Pritchard declaration, Canon declared it had never been disclosed and that the disclosure deadline had passed, adding that the first time the document had been provided was "in response to summary judgment." Canon also stated the notice had no date and no proof of transmission to, nor receipt by, Canon.

¶15 Given the owner had paid Retail for the work, which Retail certified was completed, and because Retail did not "prepare and issue [to Canon] a written statement within fourteen days [of Canon's invoices] . . . stating in reasonable detail [Retail's] . . . reasons for withholding" payment, A.R.S. § 32-1183(E), Canon argued Retail failed to comply with the APPA. Thus, Canon asserted it was entitled to summary judgment on all claims.

¶16 After hearing oral argument, in an August 2024 minute entry, the court granted Canon's motion for summary judgment. The court first concluded that Canon's motion was properly supported by law and fact, showing it performed under the subcontract. Turning to whether Retail "set forth specific facts showing a genuine issue for trial," Ariz. R. Civ. P. 56(e),

the court looked to the Pritchard declaration.[4] The court concluded the Pritchard declaration was "deficient," noting it: (1) failed to show Pritchard personally observed any of Canon's work; (2) "attaches numerous documents but authenticates none of them;" (3) did not authenticate the "undated document purporting to establish notice" of breach and (4) "never establishes that Retail *transmitted* [the purported notice] to Canon, or *when*." The court added that Retail "never disclosed the [notice] before this motion practice." At most, the court concluded, the Pritchard declaration showed that "Retail's employees *told* Mr. Pritchard that Canon failed to perform. This fails to rebut Canon's *prima facie* evidence that it did." Accordingly, the court granted Canon's "motion in all respects."

¶17        In September 2024, Retail moved to reconsider,[5] largely repeating the same legal arguments. Noting evidence used to oppose summary judgment must be "made on personal knowledge and set[] forth facts that would be admissible in evidence," Ariz. R. Civ. P. 56(c)(5), Retail submitted a revised Pritchard declaration. As before, this revised Pritchard declaration failed to comply with Rule 80(c), but no objection on that ground was raised. Retail argued the revised Pritchard declaration cured the foundational defects of the first Pritchard declaration. The revised declaration stated Pritchard visited "the job site on several occasions," had "personal knowledge" of certain factual statements, considered email attachments "to be our business records," and that the undated "notice to perform letter" first disclosed in the April 2024 opposition to Canon's motion for summary judgment "was a business record actually sent to Canon on 11/22/21." The revised Pritchard declaration also sought to attach new materials not attached to the original declaration.

¶18        The superior court allowed Canon to file a response to the motion to reconsider. Canon's response argued the motion to reconsider improperly sought to offer new evidence. Canon also argued the purported

---

[4] In doing so, there is no indication that the court rejected the declaration under Rule 80(c), an issue Canon had not raised. Retail did not provide a transcript of the oral argument, which typically would allow this court to presume that the missing transcript supports the superior court's ruling. *See Myrick v. Maloney*, 235 Ariz. 491, 495 ¶ 11 (App. 2014); *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). But during oral argument before this court, Canon's counsel conceded that neither the parties nor the court raised Rule 80(c) at oral argument before the superior court.

[5] ACIC did not move to reconsider, did not appeal from the judgment and is not a party here, meaning the judgment against ACIC is final.

notice "is a fake, it is manufactured. . . It is undated, not bates-labeled, not signed, and without proof of being sent to anyone at Canon at any time." Canon sought sanctions, claiming the revised declaration was provided in bad faith. The superior court later denied Retail's motion to reconsider.

¶19 After further briefing, the court entered final judgment for Canon and against Retail and ACIC on all claims and counterclaims, awarding Canon more than $200,000 in damages, interest, attorneys' fees and costs. This court has jurisdiction over Retail's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

¶20 This court reviews de novo the superior court's grant of a motion for summary judgment, *see Tilley v. Delci*, 220 Ariz. 233, 236 ¶ 7 (App. 2009), viewing the evidence in the light most favorable to the nonmoving party, *Normandin v. Encanto Adventures, LLC*, 246 Ariz. 458, 460 ¶ 9 (2019). "The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). If an opposing party fails to respond to a properly supported motion for summary judgment with admissible evidence showing a disputed issue of material fact, "summary judgment, if appropriate, shall be entered against that party." Ariz. R. Civ. P. 56(e).[6] The superior court's rulings on evidentiary issues are reviewed for an abuse of discretion. *See Campion v. City of Tucson*, 256 Ariz. 256, 265 ¶ 26 (App. 2023). Similarly, the denial of a motion for reconsideration is reviewed for an abuse of discretion. *See Tilley*, 220 Ariz. at 238 ¶ 16.

**I.      The Impact of Waiver on this Appeal.**

¶21 As noted above, neither of the Pritchard declarations complied with Rule 80(c). Canon, however, did not object to those declarations on those grounds, meaning those objections are waived. In addition, Canon admitted that the oral argument before the superior court did not include a Rule 80(c) objection, negating the typical presumption that the missing transcript of the oral argument would support the court's

---

[6] Amendments in 2016 reorganized Rule 56(e) as Rule 56(c)(5) and (6) without substantive change. This decision refers to the current version in Rule 56(c)(5) and (6) for consistency even when citing cases that pre-date the change.

ruling. As a result, the record on appeal presents procedural flaws that, given these various issues and waivers, this court is obligated to ignore.

## II.     Retail Has Shown No Reversible Error in the Court Granting Canon's Motion for Summary Judgment.

¶22          Retail argues that the superior court erred in 16 ways in granting summary judgment for Canon. Retail, however, does not challenge the superior court's rejection of the purported notice to perform because Retail failed to timely disclose it. In failing to challenge that ground for the court's summary judgment ruling on appeal, Retail has waived the issue. *See Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 180 ¶ 17 (App. 2004) (this court considers an issue not raised in an appellant's opening brief as abandoned or conceded); *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) ("Issues not clearly raised and argued in a party's appellate brief are waived."). Moreover, the record supports the superior court's conclusion that Retail failed to timely disclose the notice and that the disclosure deadline had passed before Retail first disclosed the document. *See* Ariz. R. Civ. P. 26.1(f) ("Time for Disclosure; Continuing Duty."). And no other record evidence supports Retail's claim that it gave written section 4(g) notice that Canon failed to perform.[7]

¶23          Failure to comply with section 4(G) did not require Retail to accept, without objection, the invoices submitted by Canon. But Retail was required to comply with the timeliness requirements set forth in the APPA. *See* A.R.S. §§ 32-1181 to -1188. Under that Act, Retail was required to either (1) pay Canon's invoices received within seven days of being paid by the owner, A.R.S. § 32-1183(B), or (2) withhold payment and "prepare and issue a written statement" to Canon detailing the reasons for doing so within 14 days of receiving Canon's invoices, A.R.S. § 32-1183(E). Retail did neither. It is undisputed that Retail did not pay Canon's invoices at any time. And

---

[7] In its reply brief on appeal, Retail suggests that section 5(C) (not section 4(G)) might govern. Section 5(C) states that "[s]ubcontractor shall be deemed to have received notice of a fact, request, order, or demand when its supervisor/project manager is notified either orally or in writing, via facsimile or email." Retail did not argue that section 5(C) governed in its opening brief on appeal, meaning the argument is waived. *Nelson v. Rice*, 198 Ariz. 563, 567 ¶ 11 n.3 (App. 2000) (noting arguments not raised in opening brief are waived and cannot be raised for first time in reply brief). Moreover, Retail has not shown how section 5(C), a general notice provision, would trump the more specific requirements of section 4(G) for something as serious as termination of the subcontract.

the record contains no "written statement" from Retail to Canon detailing its reasons for failing to pay within 14 days of receiving Canon's invoices.

¶24    For these reasons, the superior court did not err in granting summary judgment in favor of Canon and against Retail. Retail's remaining arguments on appeal do not show otherwise.

¶25    Retail argues the superior court erred in concluding the Pritchard declaration was not "based on personal knowledge." But the superior court made no such conclusion. Instead, it noted the Pritchard declaration "nowhere establishes that Mr. Pritchard personally observed any of Canon's work – at any stage." That is a fair reading of the original Pritchard declaration, as acknowledged by the purported changes included in the revised Pritchard declaration. And regardless, the issue of whether Pritchard personally observed Canon's work does not negate the failure to timely disclose the purported section 4(G) notice, Retail's failure to provide such a notice and its failure to comply with Arizona's Prompt Payment Act. Similarly, Retail's argument on appeal that comparing the Hatcher and Pritchard declarations show that "material facts are clearly disputed" does not negate Retail's failure to comply with section 4(G) or the Prompt Payment Act, which are dispositive.

¶26    For the first time on appeal, Retail argues that the superior court "made a credibility determination that [it] did not believe Kenneth Pritchard and what he stated in his Declaration." Not so. The superior court found, instead, that the Pritchard declaration was deficient and that Retail had failed to timely disclose the notice, resulting in Retail's failure to "set forth specific facts showing a genuine issue for trial." Ariz. R. Civ. P. 56(e). That conclusion does not amount to a credibility determination.

¶27    Retail next challenges the superior court's conclusion that the Pritchard declaration did not authenticate the documents attached to it. The superior court's conclusion, however, was correct: the Pritchard declaration did not authenticate (or even reference) the documents attached to it. Nor does Retail support its argument that a party offering evidence in briefing a motion for summary judgment need not show that evidence is admissible. Rule 56 is to the contrary. *See* Ariz. R. Civ. P. 56(c)(4) (providing procedure "govern[ing] objections to the admissibility of evidence on summary judgment motions") & 56(c)(5) ("If an affidavit refers to a document or part of a document, a properly authenticated copy must be attached to or served with the affidavit."). Other than the dispositive failure to timely disclose discussed above, Retail is correct that Canon did not object – concisely or otherwise – to the admissibility of the documents attached to the Pritchard

declaration. *See* Ariz. R. Civ. P. 54(c)(4). But, again, that issue does not alter Retail's failure to provide a section 4(G) notice or failure to comply with the APPA.

**¶28**         Retail's arguments about which party first materially breached the subcontract and the covenant of good faith and fair dealing, the bond discharge and damage offsets are based on the premise that Retail properly provided a section 4(G) notice. Because the record shows Retail failed to do so, those arguments fail. Moreover, Retail's claim that "Canon first materially breached and walked off the job before it was even entitled to payment in full under the Subcontract" misses the mark. Retail never provided a section 4(G) notice to Canon and did not properly provide objections to Canon's invoices. By the time Retail alleges Canon stopped work on December 12 or 13, 2021, Retail had not paid Canon anything and had not provided notice specifying its objections to Canon's invoices. In doing so, Retail had materially breached the subcontract before Canon stopped work. A material breach by one party to a contract allows the other party to suspend performance. *See Zancanaro v. Cross*, 85 Ariz. 394, 399 (1959) ("One of the remedies available at common law upon a material breach of contract is the right to cease performance and recover the profits which would have been made had the entire contract been performed."); *accord Murphy Farrell Dev., LLLP, v. Sourant*, 229 Ariz. 124, 133 ¶ 33 (App. 2012). Moreover, on February 1, 2022, Canon provided Retail with a written stop-work notice pursuant to the APPA, with no timely response from Retail appearing in the record.

**¶29**         Retail offers reasons why it might have rejected the invoices Canon submitted. But, again, the record contains no written objections on those grounds that Retail timely sent to Canon in compliance with the APPA. Given Retail's failure to comply with section 4(G) and the APPA, it has shown no error in the grant of summary judgment for Canon on Retail's counterclaims. For these reasons, Retail has shown no reversible error in the grant of Canon's motion for summary judgment.[8]

---

[8] Retail argues in passing that the court erred in entering summary judgment on Canon's lien bond claim. Although the court granted Canon's summary judgment motion "in all respects," the judgment reflects no relief on Canon's discharge of lien bond claim. Accordingly, it does not appear that Retail was an aggrieved party in that respect. Moreover, ACIC has not appealed, to the extent it was an aggrieved party on that claim. Accordingly, Retail has shown no reversible error in the superior court's treatment of Canon's lien bond claim.

### III. Retail Has Shown No Abuse of Discretion in the Court Denying Its Motion for Reconsideration.

¶30 Retail argues the superior court abused its discretion in denying its motion to reconsider. But the deficiencies noted in the Pritchard declarations persisted in the revised Pritchard declaration. Those same deficiencies meant that Retail had not shown a valid reason for the superior court to reconsider its original ruling when faced with the motion to reconsider. Retail has thus shown no error in the court denying the motion to reconsider.

### IV. Canon is Awarded Its Reasonable Attorneys' Fees and Costs on Appeal.

¶31 Canon requests attorneys' fees and costs incurred on appeal pursuant to ARCAP 21 and A.R.S. §§ 12-341.01 and 32-1182(S). Because the superior court's grant of summary judgment for Canon is affirmed, Canon is granted its reasonable attorneys' fees and taxable costs on appeal under A.R.S. § 32-1182(S) contingent upon its compliance with ARCAP 21.

### CONCLUSION

¶32 The judgment is affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR

11